## Richmond.

### ELIJAH JOHNSON v. COMMONWEALTH.

January 15, 1925.

1. VENUE—*Proof of Venue—Evidence from which it may be Inferred.*—The burden is on the Commonwealth to prove that the offense charged was committed within the jurisdiction of the court, but the court will sustain the jurisdiction if there be any competent evidence, direct or circumstantial, from which it may be inferred.

2. VENUE—*Proof of Venue—Judicial Notice—Matters of Common Knowledge—Case at Bar.*—An indictment charged larceny committed in Northampton county. The verdict found accused guilty as charged. The evidence showed that the garage where the larceny was committed was located in Nassawadox. It appeared from the postal guide that Nassawadox is a post office in Northampton county and the standard maps of Virginia disclose the fact that Nassawadox is in Northampton.

   *Held:* That it follows that it was a fact of common knowledge that Nassawadox is a town in Northampton county, Va.

3. JUDICIAL NOTICE—*Post Office.*—A court will take judicial notice of the fact that a post office is located in a particular county.

4. LARCENY—*Grand Larceny—Possession of Part of the Stolen Property—Case at Bar.*—In the instant case accused was charged with larceny of four tires valued at $60.00. It was contended that as only possession of two of the tires valued at $33.24 was traced to the accused he could not be convicted of grand larceny. It appeared from the evidence that the thief who broke into the garage stole all four of the automobile tires of the value of $66.68.

   *Held:* That in the absence of evidence to the contrary, the exclusive possession of two of the tires by the accused, and his failure to make any reasonable explanation of how he came by them, warranted the jury, under the circumstances disclosed by the record, in finding him guilty of stealing the four tires.

5. LARCENY—*Possession of Part of Stolen Property—Evidence of Theft of Whole.*—Possession of part of the stolen property is, under ordinary circumstances, evidence of stealing the whole.

6. LARCENY—*Presumption from Possession—Instructions.*—In a prosecution for the larceny of four tires, only two of which were traced to

the recent possession of accused, and he had parted with that possession, the trial court instructed the jury that, while the goods were not actually found in the possession of the accused, yet all of the facts and circumstances which had been introduced in evidence surrounding the whole transaction should be considered by them in arriving at a verdict, and refused to instruct that no presumption of guilt can arise unless the goods were actually found in the recent possession of the accused.

*Held:* No error.

7. NEW TRIAL—*Newly Discovered Evidence—Evidence of a Person Examined as a Witness.*—The refusal of a new trial on the ground of after discovered evidence is not error where the newly discovered evidence is that of a person who was examined at the trial as a witness, and was then of course available to accused.

8. NEW TRIAL—*Newly Discovered Evidence—Essentials.*—After discovered evidence is never a proper ground for a new trial, unless it shall appear (1) that by the exercise of proper diligence the party offering it could not have secured it at the former trial; (2) that it is material, and not merely cumulative or corroborative; and (3) that it is such as ought to be decisive and produce on another trial an opposite result on the merits.

9. NEW TRIAL—*Newly Discovered Evidence—Impeaching Evidence.*—A new trial will not be granted generally where the after discovered evidence merely tends to impeach the testimony of witnesses examined at the trial.

Error to a judgment of the Circuit Court of Northampton county.

*Affirmed.*

The opinion states the case.

*W. E. Hogg* and *J. Thos. Newsome,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Elijah Johnson was convicted of grand larceny and sentenced to the penitentiary for three years. This writ of error is to that judgment.

The indictment charges that the accused broke into a garage and stole four automobile tires of the value of sixty dollars.

The accused drove his Chevrolet car to Elliott's garage in May, 1918. The tires on the car were badly worn. On the night of the same day some one broke the front show window of the garage and stole therefrom four tires of the value of $16.67 each, which would fit the front wheels of the Chevrolet car.

In October, 1919, S. R. Jones drove the same Chevrolet to the garage and Elliott identified by the serial numbers the tires on the front wheels as two of the tires which were stolen from his garage the night the show window was broken open in 1918. Jones had purchased the car from I. W. Bagwell; Bagwell had purchased it from Henry Drummond; Drummond had purchased it from Morris Brewington; and Brewington had purchased it from the accused, in a trade for another car. The stolen tires were on the car when the accused traded it to Brewington and remained thereon until Jones drove the car to Elliott's garage in October, 1919.

The accused denied the charges contained in the indictment but failed to explain how the stolen tires happened to be on his car at the time he traded it to Brewington.

The accused alleges that his conviction is illegal because: (1) The Commonwealth failed to establish the venue, (2) the verdict is contrary to the law and the evidence, (3) the court refused to give instruction No. 5 and gave oral instruction No. 1, and (4) the court refused to grant a new trial on the ground of after-discovered evidence.

[1-3] The burden is on the Commonwealth to prove that the offense charged was committed within the jurisdiction of the court, but the court will sustain the jurisdiction if there be any competent evidence, direct or circumstantial, from which it may be inferred. The indictment charges that the larceny was committed in Northampton county and the verdict found the accused guilty of grand larceny as charged in the indictment.

The evidence shows that the garage from which the tires were stolen was located at Nassawadox. It appears from the United States postal guide, issued in July, 1922, page 588, column 3, No. 48798, that Nassawadox is a post office in Northampton county, Virginia. The standard maps of Virginia, such as those contained in Rand, McNally & Company's commercial atlas of America, 1921, and Doubleday, Page & Company's geographical manual and new atlas, 1918, disclose the fact that Nassawadox is a town in Northampton county, Virginia. It follows that it was a fact of common knowledge that Nassawadox was located in Northampton county, Virginia. Besides, this court will take judicial notice of the fact that a post office is located in a particular county.

The instant case is controlled by the principles approved by the court in *West's Case*, 125 Va. 750-2, 99 S. E. 654; *Hart's Case*, 131 Va. 736, 109 S. E. 582; and *Kelley's Case*, 140 Va. 522, 125 S. E. 437, decided November 13, 1923. This assignment is without merit.

[4] The two tires found in the possession of the accused being worth only $33.24, it is contended that the verdict convicting him of grand larceny is contrary to the law and the evidence.

With this contention we cannot concur. It sufficiently appears from the evidence that the thief who broke into the garage stole all four of the automobile

tires of the value of $66.68. In the absence of evidence to the contrary, the exclusive possession of two of the tires by the accused and his failure to make any reasonable explanation of how he came by them warranted the jury, under the circumstances disclosed by the record, in finding him guilty of stealing the four tires.

In *Hill* v. *State*, 41 Texas 253, the court said: "It is contended that the defendant, if guilty of theft at all, is only proved to have taken property of less than $20.00 value, and is not subject to imprisonment in the penitentiary. The proposition in general terms is that proof of possession of part of stolen property will not support a verdict of guilty of theft of the remainder. Appellant's counsel have cited no authority for this proposition, and the examination we have made leads us to a different conclusion. The rule is laid down, both by elementary writers and in the reports, that the jury may infer the stealing of the whole from the possession of part." 1 Phillips' Ev., C. & H.'s notes, 482, 496; Burrell on Crim. Ev. 454; *Com.* v. *Fugate*, 1 T. B. Monroe (Ky.) 1; *Com.* v. *Montgomery*, 11 Not. (Mass.) 534, 45 Am. Dec. 227; *State* v. *Jenkins*, 2 Tyler (Vt.) 377; *Colton's Case*, 4 City Hall Rec. N. Y. 139.

In *People* v. *Fagan*, 66 Cal. 534, 536, 6 P. 394, the court held that if the jury were satisfied that the defendants stole so much of the property as was found in their possession, then they might presume that all of the property stolen at the same time and place was stolen by the defendants, unless there was some fact or circumstance tending to show that it was not.

[5] In 25 Cyc. 132, 133, it is said that "possession of part of the stolen property is, under ordinary circumstances, evidence of stealing the whole * *." To the same effect is *State* v. *Wilson*, 95 Ia. 341, 64 N. W. 266.

This assignment is likewise without merit.

[6] The instructions referred to in the third assignment of error are as follows:

No. 1.—"The court orally instructs the jury that while the goods were not actually found in the possession of the accused, yet all of the facts and circumstances which have been introduced in evidence surrounding the whole transaction should be considered by them in arriving at a verdict as to the guilt or innocence of the accused.

No. 5.—"The court instructs the jury that no presumption of guilt can arise unless the goods were actually found in the recent possession of the accused."

While it is true that the presumption that the accused is a thief can arise only as to the two tires which were actually found in his exclusive possession, yet it was the duty of the jury to consider all the facts and circumstances shown in evidence in determining whether he was guilty of the charge contained in the indictment. Tested by the authorities cited with approval in our discussion of the second assignment, *supra*, the instruction given correctly stated the law and there was no error in refusing instruction No. 5.

[7] This brings us to the fourth and last assignment of error.

It is insisted that the trial court erred in refusing to set aside the verdict of the jury and grant the accused a new trial on the ground of after discovered evidence. This motion was based upon an affidavit of S. R. Jones, one of the owners of the automobile on which the stolen tires were found, to the effect that the accused had disposed of the automobile to Brewington in the fall of 1918, and that Elliott's garage was not broken open until April, 1919.

The record shows that Jones had already testified as a witness in the case, and had mentioned no such facts in his testimony. Brewington had testified that he ac-

quired the car from the accused in May, 1918, and Elliott had testified that the tires were stolen in May, 1918. The affidavit also stated that the affiant was prevented from stating these facts because the attorney for the Commonwealth cut off his examination and dismissed him from the witness stand. The trial judge certifies that he refused a motion in arrest of judgment and to set aside the verdict because the affiant, Jones, had been summoned, sworn and examined as a witness for the Commonwealth, and cross-examined by the prisoner's counsel, and for the additional reason that the statements contained in Jones' affidavit, that he was prevented from disclosing the facts by the Commonwealth's attorney cutting him off and dismissing him from the witness stand, was untrue, and because the statements contained in the affidavit are a contradiction of his statements made while testifying as a witness for the Commonwealth.

[8] After discovered evidence is never a proper ground for a new trial unless it shall appear: (1) That by the exercise of proper diligence the party offering it could not have secured it at the former trial; (2) that it is material and not merely cumulative or corroborative; and (3) that it is such as ought to be decisive and produce on another trial an opposite result on the merits.

[9] It is evident that the alleged after discovered evidence was available to the accused while the witness, Jones, was on the witness stand at the first trial. Besides, the evidence which is sought to be introduced is intended to impeach the testimony of the Commonwealth's witnesses examined at the trial. It is settled law, with few exceptions, that the courts should refuse a new trial under such circumstances. *Thompson* v. *Commonwealth*, 8 Gratt. (49 Va.) 637.

The judgment will be affirmed.

*Affirmed.*