## Richmond

CLARENCE JUNIOR COOK V. COMMONWEALTH OF VIRGINIA.

April 22, 1974.

Record No. 730644.

Present, All the Justices.

*Charles N. Bishop, Jr.; Richard F. McPherson (Nelson, McPherson, Summers, Wood & Bishop, on brief), for plaintiff in error.*

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

Per Curiam.

Defendant, Clarence Junior Cook, is here on an appeal of his conviction and sentence by the court below, sitting without a jury, for statutory burglary.

The evidence shows that Mr. and Mrs. Charles D. Cliendiest, who resided in Mt. Solon, Augusta County, left their home shortly before 7 o'clock on the morning of July 20, 1972. When they returned later that evening, they discovered that their home had been broken into and that certain money had been stolen. The money taken consisted of a collection of pre-1964 silver coins, a small plastic bag containing some newer "sandwich" quarters, and twenty-three paper silver certificates. Most of the coins were kept in a pint-size glass jar. Some of them had been taped together in rolls with Scotch tape, but Mr. Cliendiest had removed most of the tape.

Shortly after 9 a.m. on July 20, 1972, the defendant went to a teller's window at the Valley National Bank in Harrisonburg with a pint-size glass jar containing pre-1964 silver coins which he desired to exchange for bills. The bank teller became suspicious because it was uncommon to exchange old coins at their face value, and she asked him for some identification. He said that he was a Mr. Michael. He appeared nervous and was very talkative. She gave the defendant bills for the coins, and she thereafter bought some of the coins from the bank. In checking the coins the teller noticed that some of them were sticky and had small pieces of Scotch tape on them.

About two hours later on the same day defendant entered the Virginia National Bank in Harrisonburg with a glass jar containing pre-1964 silver coins consisting of half dollars, quarters, dimes and nickels, and asked a teller to exchange them for bills. Defendant told the teller that he had "robbed" his wife's piggy bank.

At defendant's trial, the coins received by the bank tellers were exhibited to Mr. Cliendiest. He testified that they were very much like the coins stolen from his home, and several of them had remnants of Scotch tape on them much like the tape he had put on his coins. He did not keep specific records of the dates of the coins, and he was unable to positively identify them as his coins. Cliendiest said that the defendant had been a guest in his home on at least one occasion.

When questioned by the arresting officers about a week after the burglary, defendant denied any knowledge of the breaking and entering of the Cliendiest home but offered no evidence in his defense upon his trial.

Defendant concedes that under our decision in *Brown* v. *Commonwealth*, 213 Va. 748, 749-50, 195 S.E.2d 703, 705 (1973), proof of breaking and entering and theft of goods justifies an inference that both offenses were committed at the same time by the same person as a part of the same enterprise if there is further proof that the goods stolen were found soon thereafter in the possession of the accused. But defendant argues that since the Commonwealth did not sufficiently identify the coins in his possession as the ones that had been stolen from the Cliendiest home, his guilt was not established beyond a reasonable doubt.

In a prosecution for burglary, strict proof of the identity of the articles stolen is required unless the possession be recent. But the identity of stolen property which is incapable of strict proof is not required to be strictly proved " 'where the possession is *very recent.*' " *Gravely* v. *Commonwealth*, 86 Va. 396, 401, 10 S.E. 431, 432-33

(1889). *See also Kelly* v. *Commonwealth,* 181 Va. 576, 580, 26 S.E.2d 63, 64 (1943), *cert. denied,* 321 U.S. 767 (1944).

Coins are somewhat fungible and are not easily identified. However, in the present case there were certain facts and circumstances which made the coins more easily identifiable. They were a collection of rare pre-1964 coins, most of which were silver, and there were small pieces of Scotch tape on some of them. Similar coins were in the defendant's possession within two and one-half hours after the Cliendiest home was left unattended.

Although there was no strict proof presented to identify the stolen coins, we believe that the nature of the stolen articles, the time they were shown to have been in defendant's possession, the failure of the defendant to give a reasonable explanation of how they came into his possession, and all the surrounding circumstances constituted sufficient evidence of the identity of the coins. Hence the evidence satisfies the rule in *Brown, supra,* and the defendant's conviction of statutory burglary is

*Affirmed.*