# Richmond

## RAYMOND HENDERSON, ETC. v. COMMONWEALTH OF VIRGINIA.

April 28, 1975.

Record No. 741049.

Present, All the Justices.

*Howard I. Legum (Fine, Fine, Legum & Fine, on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.

Poff, J., delivered the opinion of the court.

Raymond Henderson, also known as Junie Chapman, was indicted for stealing "four Goodyear tires and four mag wheels" in violation of "Va. Code § 18.1-100, 101". The trial court, sitting without a jury, found him "guilty as charged" and sentenced him to two years in the penitentiary.

Under the writ, we consider two questions. The first is whether the evidence was sufficient to support the conviction. On the night of October 5 and 6, 1973, four F70-14 Goodyear tires and the "mag" wheels on which they were mounted were stolen from a 1974 Javelin Special automobile parked on the used car lot operated by McRae American Rambler of Portsmouth, Virginia. A fifth wheel and tire, described as a Goodrich "collapsible spare", were stolen from a Gremlin automobile by forcible entry through the car's rear door. The value of the goods was fixed at $533.68.

On the afternoon of October 6, 1973, police officers, acting under a warrant, searched an apartment located 15-20 yards from the used car lot. The apartment was occupied by Michael Lewis, defendant's first cousin. They discovered three F70-14 Goodyear tires, three "mag" wheels, and a "collapsible spare" tire. One of the officers testified that a man from McRae American came to the apartment and "identified the tires as belonging on two different types of cars that he had on the lot." The tires and wheels were seized and introduced at trial as exhibits.

Michael Lewis, present when the search was conducted, testified that, in the early morning hours of October 6, 1973, defendant appeared at the apartment with a number of tires and wheels and asked him to keep them until he returned. Lewis examined the exhibits and identified them as part of the same goods defendant had left with him. Lewis said that, on the day before the crime, he and defendant visited the used car lot "[j]ust looking at cars"; that the lot was unfenced and freely accessible to the public; and that they "may have" touched some of the cars parked there. Fingerprint evidence confirmed that Lewis had touched the Gremlin and defendant the Javelin.

The manager of McRae American testified that the Goodyear tires and "mag" wheels were of the types used on Javelin automobiles; that the collapsible spare tire was of the type stolen from the Gremlin automobile; that they contained no identifying serial numbers; and that while those tires would fit the wheels of certain other vehicles, he did not know of any other vehicle the wheels would fit.

The evidence, defendant says, is insufficient to prove the identity of the stolen property. When an accused is found in

possession of goods of a type recently stolen, strict proof of identity of the goods is not required. *Cook* v. *Commonwealth*, 214 Va. 686, 687, 204 S.E.2d 252, 253 (1974); *Kelly* v. *Commonwealth*, 181 Va. 576, 580, 26 S.E.2d 63, 64 (1943), *cert. denied*, 321 U.S. 767 (1944).

> " 'It is not necessary that the identity of stolen property should be invariably established by positive evidence. In many such cases identification is impracticable, and yet the circumstances may render it impossible to doubt the identity of the property, or to account for the possession of it by the accused upon any reasonable hypothesis consistent with his innocence.' [Citation omitted]." *Gravely* v. *Commonwealth*, 86 Va. 396, 402, 10 S.E. 431, 433 (1889).

The evidence shows that defendant was in possession of certain goods; that the "mag" wheels and the "collapsible spare" tire he possessed were goods of the same distinctive types as those stolen; and that at a point 15-20 yards from the scene of the theft, defendant had possession of this unique combination of distinctive goods on the same night they were stolen. Considered together, such circumstances support an inference which leaves no room for reasonable doubt that the goods defendant possessed were the goods stolen.

It is immaterial that the quantity of goods possessed was less than the quantity stolen and charged in the indictment, for the fact-finder " ' . . . may infer the stealing of the whole from the possession of part.' " *Johnson* v. *Commonwealth*, 141 Va. 452, 456, 126 S.E. 5, 7 (1925). *See also Williams* v. *Commonwealth*, 188 Va. 583, 50 S.E.2d 407 (1948).

Defendant further contends that the evidence was insufficient to identify him as the criminal agent. When the evidence supports a credible exculpatory explanation of the existence of fingerprints, fingerprint evidence, standing alone, is insufficient identification of criminal agency. *Williams* v. *Commonwealth*, *supra*. Here, such evidence does not stand alone. Proof of possession of recently stolen goods is *prima facie* evidence that the possessor was the thief. *Kelly* v. *Commonwealth*, *supra*, 181 Va. at 579, 26 S.E.2d at 64. Indeed, all of the evidence which supports the identity of the stolen goods also supports the identity of the criminal agent.

We hold that the evidence was sufficient to support the conviction.

■ Assigning error to the trial court's failure to grant his demand for a written statement from the Commonwealth's Attorney electing the statute upon which he relied, defendant argues that Code § 18.1-109 (Repl. Vol. 1960), the embezzlement statute,[1] gives a defendant a right to make such a demand not only when he is indicted for embezzlement but when he is indicted for any other category of larceny. That question was not before us in *Hutchinson* v. *Commonwealth*, 133 Va. 710, 112 S.E. 624 (1922), cited by defendant or in *Cabbler* v. *Commonwealth*, 212 Va. 520, 184 S.E.2d 781 (1971), and we do not reach it here. Defendant has shown no prejudice, and the error, if any, was harmless.

The transcript of the proceedings on defendant's motion for a written statement, not filed until the day of the trial, shows that defendant was fully and fairly notified of the charge upon which the Commonwealth was proceeding. Responding to the motion, the Commonwealth's Attorney said that he would "sit down and write it" but suggested that it would be a sufficient writing "if the court reporter writes it down". The trial court ruled that an election in open court was sufficient. The Commonwealth's Attorney stated orally that he was relying on Code § 18.1-100 (Cum. Supp. 1974) (grand larceny) and Code § 18.1-101 (Cum. Supp. 1974) (petty larceny) as charged in the indictment, and that "[i]f the case is not larceny, it's not anything." At that point, without objecting to the trial court's ruling against his motion, defendant's counsel said "I wanted to make sure he wasn't relying on the statute for receiving stolen goods,

---

[1] **"Code § 18.1-109. Embezzlement deemed larceny; indictment; statement from attorney for the Commonwealth.** — If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money . . . or any other personal property, tangible or intangible, which he shall receive for another . . . he shall be deemed guilty of larceny thereof, and may be indicted as for simple larceny. But proof of embezzlement under this section shall be sufficient to sustain the charge. On the trial of every indictment for larceny, however, the defendant, if he demands it, shall be entitled to a statement in writing from the attorney for the Commonwealth of what statute he intends to rely upon to ask for conviction."

§ 18.1-107 [Repl. Vol. 1960]." [2] On appeal, defendant asserts that "[i]t is not clear from the Court's finding appellant guilty whether the Court was convicting him of receiving stolen goods or convicting him of having actually taken the tires and rims from the used car lot of McRae American."

Apparently, defendant was and is under the impression that, had the trial court required the Commonwealth's Attorney to state in writing that he was relying on Code §§ 18.1-100, -101, he would have been immune from conviction under Code § 18.1-107. That is a misimpression. The crime of receiving stolen goods is a lesser offense included in the crime of larceny. *Cabbler* v. *Commonwealth, supra,* 212 Va. at 524, 184 S.E.2d at 783. Since a written statement would not have afforded defendant the immunity he sought, and inasmuch as defendant has shown no other prejudice, we hold that the trial court's denial of defendant's motion was not reversible error.

*Affirmed.*

---

[2] For purposes of this opinion, we do not decide whether defendant acquiesced in the trial court's ruling on his motion.