COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


DENNIS WAYNE TONEY

MEMORANDUM OPINION[*] BY
v.    Record No. 1802-97-2          JUDGE RUDOLPH BUMGARDNER, III
                                    OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
F. Ward Harkrader, Jr., Judge

Norman Hunter Lamson for appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Dennis Wayne Toney appeals his conviction of grand larceny. He contends that the trial court erred in not suppressing evidence obtained during a search of his residence.  He argues that (1) his consent was not voluntary, (2) if it was voluntary, the officers exceeded the scope of his consent, and (3) the evidence was insufficient to convict.  Finding no error, we affirm the conviction.

B&S Fireworks had $1,500 of fireworks stolen from its store in Albemarle County on June 25 or 26, 1996.  All fireworks owned by B&S were packaged in boxes marked with the identification number "418-E74."  This was a unique number assigned to B&S by its distributor.  The store identified the types and quantities of fireworks stolen.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

On June 30, 1996, a police officer saw the defendant with boxes of fireworks on a folding table outside his trailer. The defendant told the officer that he bought the fireworks in Manassas from a guy in an ice-cream-type truck. The defendant said he was planning to sell them at a yard sale. The officer did not investigate further because he received a priority call and left.

The next day, Assistant Fire Marshall Bruce Crow was inspecting fireworks stands. He noticed Ronald Morris, a codefendant in this case, unloading fireworks from a pickup truck in front of the defendant's trailer. The fireworks were in large boxes bearing the distinctive logo of McDonald's restaurants. Morris told Crow that he was selling the fireworks for the defendant's brother, James. Morris did not know whether they had a license to sell fireworks, but he was sure James had a business license. Crow determined that neither had a license and issued a citation for conducting business without one. He also determined that the defendant owned the pickup truck.

Crow received a message to meet Detective Donald Byers, who was investigating the fireworks theft. They met at the trailer park and were joined by a uniformed officer. Crow noticed that the fireworks were no longer in the defendant's truck. Crow asked a woman to ask Morris to come outside. The three officers waited outside the fence, while she went inside the trailer. The defendant rather than Morris came outside, and Crow again asked

for Morris.  When Morris appeared, Crow asked where the fireworks were.

When Crow asked Morris about the fireworks, the defendant asked why he wanted to know about them.  Crow responded that he needed to check if they were "illegal."  In response, the defendant told the officers to "come on," opened the gate for them, and waved them to follow him into the trailer.  Before entering, Crow again asked the defendant for permission to enter. The defendant responded, "sure, come on in," and they all entered the trailer.

The boxes of fireworks were neatly stacked in the corner of the living room.  Estimates of the number varied between four or five and six to nine boxes.  The boxes did not have proper Department of Transportation markings, and all but one were large shipping boxes with McDonald's restaurant markings.

After everyone was inside, the defendant took a box of fireworks, opened it, and invited inspection.  He took other boxes, scattered them on the floor, and opened them for inspection.  He told Crow that he was legal and that Crow would not find anything illegal.  Crow began examining the fireworks in the boxes that the defendant had opened.  When he finished inspecting those, he started pulling down others.  Detective Byers sat on the sofa and took notes.

The testimony of the several witnesses conflicts about the role Detective Byers played during the examination of the boxes.

Byers denied turning and examining any boxes except the one box marked with the distributor's number. Crow and the defendant said that Byers did turn the boxes around. Regardless, Byers did identify one box of fireworks still packaged in the distributor's container and carrying the number "418-E74." He knew that was the unique number assigned to B&S Fireworks by its distributor. When he found that box, Byers announced that he was seizing all fireworks because he believed they were stolen. The defendant became hostile and ordered all three officers to leave. The officers took all the fireworks, despite the defendant's objection.

Throughout the inspection, the officers and the defendant talked. When asked where he had purchased the fireworks, the defendant told Byers that he had purchased them from a white bread-type truck. Morris and the defendant said they had no receipt for the fireworks, but insisted they bought the fireworks lawfully with cash and owned them jointly. Neither suggested that James Toney was involved, though Morris had previously identified him as the owner. Morris said they bought the fireworks in Greene County and each paid $200. The next day when the defendants came to the police station to demand an inventory, they said they purchased the items in Ruckersville, which is in Greene County.

A court's denial of a motion to suppress will not be disturbed on appeal unless, considering the evidence in the light

- 4 -

most favorable to the Commonwealth, the ruling is plainly wrong or lacks evidence to support it.  See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).  The Commonwealth has the burden of proving voluntariness of the defendant's consent, Lowe v. Commonwealth, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977), cert. denied, 435 U.S. 930 (1978), but need not show that the defendant was aware of a right to refuse.  See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973).  Whether consent is freely given is a question of fact to be determined from a totality of the circumstances.  See id.; Limonja v. Commonwealth, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989), cert. denied, 495 U.S. 905 (1990).  The trial court's determination of voluntariness must be accepted on appeal unless clearly erroneous.  See Stamper v. Commonwealth, 220 Va. 260, 268, 257 S.E.2d 808, 814 (1979), cert. denied, 445 U.S. 972 (1980).

The defendant contends that the officers deceived him about their reason for searching and that vitiated the consent he gave.  If consent is induced by fraud, trickery or misrepresentation, then evidence discovered shall be suppressed.  See Gouled v. United States, 255 U.S. 298, 305-06 (1921); United States v. Tweel, 550 F.2d 297, 299 (5th Cir. 1977) (officers' knowing deception revokes consent given).  However, the defendant's claim of deception alone does not invalidate his consent, it is just one of many factors to consider.  See Schneckloth, 412 U.S. at

227.

When the officers arrived at the trailer, the defendant asked why they were asking about the fireworks. When Crow told him they wanted to check if they were "illegal," the defendant said, "come on" and waived them into the trailer. The defendant extended the invitation to enter before any officer made a request to do so. Crow stopped before entering, again asked the defendant if they had permission to go inside, and he again consented. The defendant gave the officers permission to enter, and he voluntarily opened the boxes of fireworks for them to see. The officer's statement of purpose, to see if the fireworks were "illegal," was not false, and they did not mislead by not elaborating on their purpose. At most, not elaborating might be considered silence, but silence is not fraud or misrepresentation unless "'there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading.'" Commonwealth v. E.A. Clore Sons, Inc., 222 Va. 543, 548, 281 S.E.2d 901, 904 (1981) (quoting United States v. Robson, 477 F.2d 13, 18 (9th Cir. 1973)). See United States v. Prudden, 424 F.2d 1021, 1033 (5th Cir.), cert. denied, 400 U.S. 831 (1970). The trial court did not make a finding that Byers had intentionally deceived the defendant or had misrepresented his purpose in conducting the search.

Next, the defendant contends that he limited his consent to an examination of the fireworks by Crow. The defendant contends

that the seizure was unlawful because the boxes were not readily identifiable as contraband, and Byers discovered the identification number by improperly moving the boxes. Further, he asserts that finding the one box with an identification number did not give the officers cause to confiscate all the boxes. These arguments are not sound.

The scope of consent given is determined by whether it is objectively reasonable for an officer to search where he did. See Florida v. Jimeno, 500 U.S. 248, 251 (1991); Bynum v. Commonwealth, 23 Va. App. 412, 418, 477 S.E.2d 750, 753 (1996). The defendant did not limit the scope of the search and passively acquiesced as to both who was searching and their conduct. See Grinton v. Commonwealth, 14 Va. App. 846, 851, 419 S.E.2d 860, 863 (1992).

The officers reasonably interpreted the defendant's invitation to enter and to inspect as extending to all three of them. The defendant could reasonably expect that the officers would discover that the fireworks were stolen if the police inspected them to see if they were "illegal." The defendant displayed the boxes and opened them for inspection. The defendant did not limit the scope of the search or who could search. Byers reasonably believed that he had permission to inspect the fireworks and the boxes containing them. The defendant did not object to the actions of any officer present until Byers announced that he was confiscating the boxes. The

trial court found that the defendant knowingly and voluntarily consented to the officers' entry to inspect the fireworks. We find no error.

Finally the defendant asserts that the evidence was insufficient to prove the fireworks found in his trailer were the ones stolen. He argues the evidence failed to prove (1) that the items taken from his trailer were the same ones taken from the fireworks store, (2) that the defendant took the fireworks, and (3) that the value of the fireworks taken was more than $200. When an appellant challenges the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the Commonwealth, granting it all reasonable inferences deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). A verdict will not be disturbed unless plainly wrong or unsupported by the evidence. See Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984).

The evidence was sufficient to prove that the items stolen were those found in the defendant's trailer. "When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required." Henderson v. Commonwealth, 215 Va. 811, 813, 213 S.E.2d 782, 784 (1975). While no one could identify precisely the stolen fireworks as the ones found, those found in the defendant's trailer matched the types that the owner reported and identified as stolen.

Fireworks are not normally packaged in fast-food restaurant boxes as they were when found in the defendant's home. Though B&S Fireworks operated other stores, and the identification number applied to their inventory, only the store in Albemarle County had been burglarized.

The box with the owner's number linked precisely a part of the fireworks found to those stolen. That link permits the trier of fact to infer that all fireworks found in the defendant's trailer were stolen. "It is immaterial that the quantity of goods possessed was less than the quantity stolen and charged in the indictment, for the fact-finder '" . . . may infer the stealing of the whole from the possession of part."'" Henderson v. Commonwealth, 215 Va. 811, 813, 213 S.E.2d 782, 784 (1975) (quoting Johnson v. Commonwealth, 141 Va. 452, 456, 126 S.E. 5, 7 (1925)).

If a defendant is found in possession of recently stolen goods, the trier of fact may infer guilt if the possession is not explained credibly or if the possession is falsely denied. See Carter v. Commonwealth, 209 Va. 317, 163 S.E.2d 589 (1968), cert. denied, 394 U.S. 991 (1969). The trial court stated that the defendant was "inconsistently innovative" in explaining to the police where he got the fireworks and that "his credibility [was] diminished to the point of being inconsequential." The defendant did not testify at trial. All of his contradictory statements permit the reasonable conclusion that the fireworks in the

defendant's possession were those stolen from the fireworks store.

The evidence is clear that the value of the items stolen exceeded $200 because the trier of fact may infer stealing of the whole from possession of a part.  See id.  The owners testified that the wholesale value of the fireworks stolen was $1,500. During the inspection, Morris said that both he and the defendant paid $200 in cash for the fireworks.

We conclude that the evidence is sufficient to convict. Accordingly, we affirm the judgment of the trial court.

Affirmed.