COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


VERNON TYRONE CURTIS

                                   MEMORANDUM OPINION* BY
v.    Record No. 3225-01-2         JUDGE LARRY G. ELDER
                                        JULY 9, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

            (Keith B. Marcus; Bremner, Janus, Cook &
            Marcus, on brief), for appellant.  Appellant
            submitting on brief.

            Kathleen B. Martin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Vernon T. Curtis (appellant) appeals from his bench trial

conviction for petit larceny, his third or subsequent such

offense, in violation of Code §§ 18.2-96 and 18.2-104.  On

appeal, he contends the evidence was insufficient to prove the

cartons of cigarettes he was convicted for stealing were the

property of another and were stolen.  We hold the circumstantial

evidence was sufficient to prove the cigarette cartons appellant

carried beneath his jacket and discarded as he fled through the

parking lot of a retail establishment were stolen from that

establishment, and we affirm.

─────────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we examine the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "[E]vidence of flight may be considered as evidence of guilt along with other pertinent facts and circumstances." Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833 (1990) (en banc). Where "[t]he circumstances . . . all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt," the circumstantial evidence is sufficient to support the conviction. Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

"Larceny requires proof that the property of another has been stolen--that is, taken unlawfully with the intent to permanently deprive the owner of the possession thereof." Lew v. Commonwealth, 20 Va. App. 353, 355, 457 S.E.2d 392, 393 (1995).

-

"It is not necessary that the identity of
stolen property should be invariably
established by positive evidence.  In many
such cases identification is impracticable,
and yet the circumstances may render it
impossible to doubt the identity of the
property, or to account for the possession
of it by the accused upon any reasonable
hypothesis consistent with his innocence."

Gravely v. Commonwealth, 86 Va. 396, 402, 10 S.E. 431, 433

(1889) (quoting William Wills, The Principles of Circumstantial

Evidence 130 (3d ed. 1862)), quoted with approval in Henderson

v. Commonwealth, 215 Va. 811, 813, 213 S.E.2d 782, 783 (1975).

"[W]here [the possession] is very recent,
and the property consists of articles, the
identity of which is not capable of strict
proof, from the nature of them, the
conclusion may be drawn that the property is
the same, unless the [defendant] can prove
to the contrary."  Thus, . . . if a man be
found coming out of another's barn, and upon
his being searched, corn be found upon him,
of the same kind as that in the barn, the
evidence of guilt will be pregnant . . . .

Gravely, 86 Va. at 402, 10 S.E. at 433 (citation omitted).

Here, the only reasonable hypothesis flowing from the

evidence was that the cigarette cartons appellant discarded

while fleeing from police and Sam's Club personnel were cartons

belonging to the store which he had secreted in his jacket while

in the store's cigarette corral only moments earlier.  Although

no one saw appellant take the cartons from the shelf, the

evidence established that appellant and his companion were alone

in the cigarette corral while the attending sales clerk assisted

another person and that appellant had ample opportunity to

-

secrete the cartons in his jacket at that time. When appellant departed the corral, Sam's Club Supervisor Sherry Hart observed through appellant's jacket "rectangular shapes" "down [appellant's] back" that "looked just like . . . [m]any cartons of cigarettes." Appellant declined Hart's offer to "ring [him] up" at the cigarette corral, saying he had "another larger basket," but then he and his companion departed the store through the entrance and walked "at a hurried pace" toward the parking lot without stopping at a larger basket or proceeding to the cash registers on "the front line."

When Police Officer Matt Desmond approached appellant in the parking lot and identified himself, appellant "went around the side of a large SUV," began to pull cigarette cartons out from under his jacket and shirt, and discarded them on the ground as he continued to step away from the officer. When Officer Desmond grabbed appellant's jacket, appellant abandoned the jacket and fled. Shortly thereafter, appellant told a clerk at a nearby Lowe's store that the police were after him, and he offered to buy the clerk's apron to wear as a disguise.

The only reasonable hypothesis flowing from this evidence is that the cartons of cigarettes appellant concealed beneath his coat and discarded in the parking lot while fleeing from police were cartons appellant stole from Sam's Club. Under the circumstances, the absence of specific evidence that cartons were missing from Sam's inventory is not dispositive. Further,

-

that the evidence did not prove appellant stole the quantity of cigarettes alleged in the indictment is immaterial. Because the offense was petit larceny, the Commonwealth was not required to prove the quantity of cigarettes taken or that the cigarettes had a "specific" or "minimum" value. See Evans v. Commonwealth, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983). The fact that they were offered for sale was sufficient to prove the cigarettes had "'some value.'" Id. (quoting Wolverton v. Commonwealth, 75 Va. 909, 913 (1881)).

For these reasons, we hold the evidence was sufficient to support appellant's conviction, and we affirm.

Affirmed.

-