COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


JERRY LEE LEWIS, JR.

                                          MEMORANDUM OPINION[*] BY
v.    Record No. 3064-01-1       JUDGE WILLIAM H. HODGES
                                       OCTOBER 22, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

Charles E. Haden for appellant.

Kathleen B. Martin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Jerry Lee Lewis appeals his bench trial convictions for breaking and entering with the intent to commit larceny and petit larceny, third or subsequent offense. He argues that the trial court erred by (1) denying his motion to suppress evidence and (2) finding the evidence sufficient to support his convictions. Lewis contends that the evidence was obtained as a result of an illegal seizure, that the police failed to bring him before a magistrate "forthwith," and that he was too intoxicated to make a knowing and intelligent waiver of his Miranda rights. For the reasons that follow, we disagree and affirm his convictions.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that during the early morning hours of March 23, 2001, Officer Ted Bednarski responded to a report of a break-in at a restaurant.  When he arrived at the scene he saw the restaurant's front window had been smashed by a cinder block.  The only person Bednarski saw in the immediate vicinity was Lewis, who was sitting on a curb across the parking lot consuming alcohol.  Officer Anthony Bordeaux testified that earlier that evening he had seen Lewis pushing a shopping cart toward the shopping center where the restaurant is located.  Bednarski observed a shopping cart outside the front of the restaurant and broken glass scattered across the area.

Officer Jeffrey Lawrence also arrived on the scene, and he approached Lewis.  The officer asked Lewis a few questions and then asked if he would display the bottoms of his shoes.  Lewis complied, and Lawrence noted the soles of his shoes contained glass fragments.  Lawrence then searched Lewis' person, recovering nearly $200 in cash.  The officers placed Lewis in the patrol car and asked him to remove his shoes.  They then

-

transported him to the police station, advised him of his Miranda rights, and proceeded to interrogate him.

Detective Kimberly Brighton questioned Lewis. She testified he smelled of alcohol but he did not slur his words or have trouble walking. She determined Lewis was coherent and able to answer her questions. Lewis stated he understood his rights and chose to talk to the detective. Brighton asked appellant to remove his outer layer of clothing. Laboratory testing of these garments revealed numerous glass fragments consistent with the broken glass from the restaurant window. Appellant provided inconsistent statements regarding his involvement in the crime.

## ANALYSIS

### I.

On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699

-

(1996)).  However, we review de novo the trial court's application of defined legal standards to the particular facts of the case.  See Ornelas, 517 U.S. at 699.

## Probable Cause

Lewis argues the police lacked probable cause to detain him.

"'Probable cause exists where "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.'"  Jefferson v. Commonwealth, 27 Va. App. 1, 12, 497 S.E.2d 474, 479 (1998) (citation omitted).  "[P]robable cause is a flexible, common-sense standard."  Texas v. Brown, 460 U.S. 730, 742 (1983).  "[A]n investigating officer does not have to 'deal with hard certainties, but with probabilities,' and is permitted to make 'common-sense conclusions about human behavior' in assessing a situation."  Carson v. Commonwealth, 12 Va. App. 497, 502, 404 S.E.2d 919, 922 (citation omitted), aff'd on reh'g en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992).  In determining the existence of probable cause, we look to the totality of the circumstances involved.  See Miles v. Commonwealth, 13 Va. App. 64, 68, 408 S.E.2d 602, 604 (1991), aff'd on reh'g en banc, 14 Va. App. 82, 414 S.E.2d 619 (1992).

-

The Commonwealth concedes Lewis was seized at the time the police placed him in the patrol car and asked him to remove his shoes. Lewis' meeting with the police began as a consensual encounter. He willingly spoke with Lawrence near the scene of the burglary. He voluntarily provided identification and revealed the soles of his shoes when asked to by the officer.[1] After Lawrence observed glass fragments in Lewis' shoes, he detained the suspect.

The police officers investigating the burglary found Lewis at the shopping center where the break-in occurred. Lewis initially claimed he knew nothing about the incident, but he had glass particles in the tread of his shoes. He also stated he had been at the shopping center since 12:20 a.m., well before the restaurant's alarm activated. "In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." Powell v. Commonwealth, 27 Va. App. 173, 177, 497 S.E.2d 899, 900 (1998) (citation omitted). Lewis' location close to the crime scene late at night combined with his responses to Lawrence's questions and the presence of glass particles in his shoes,

---

[1] We recently held "that an individual's expectation of privacy in his or her shoes is an interest that society is willing to accept as reasonable." Sheler v. Commonwealth, 38 Va. App. 465, 477, 566 S.E.2d 203, 208 (2002). However, unlike Sheler, Lewis does not challenge the "search" of his shoes.

-

provided the police with probable cause to detain appellant at the scene.

## Forthwith

Appellant also argues his motion to suppress should have been granted because the police failed to take him to a magistrate "forthwith" as required by Code § 19.2-80.

The police arrested Lewis at approximately 4:20 a.m. on a Friday morning. Because of his high level of intoxication, the officers decided not to bring him before a judge later that morning. Instead, the officers waited until Monday morning. As a result, over forty-eight hours elapsed between the time the police took Lewis into custody and the time they brought him before a magistrate. We assume without deciding that the delay in bringing Lewis before the magistrate violated Code § 19.2-80. Nevertheless, a violation of the statute "does not require exclusion of his statements. This statutory violation does not rise to the level of constitutional violation." Alatishe v. Commonwealth, 12 Va. App. 376, 378, 404 S.E.2d 81, 82 (1991) (finding that a delay in taking the defendant before a magistrate did not require exclusion of statements he made while being questioned by the police following his arrest).

## Miranda

Lewis argues his waiver of his Miranda rights was not freely and voluntarily given because he was extremely intoxicated.

-

"Statements made during a custodial interrogation and while intoxicated are not _per se_ involuntary or inadmissible.  The test is whether, by reason of the intoxication, the defendant's 'will was overborne' or whether the statements were the 'product of a rational intellect and a free will.'"  Boggs v. Commonwealth_, 229 Va. 501, 512, 331 S.E.2d 407, 415-16 (1985) (citations omitted).  "In assessing voluntariness, the court must determine whether 'the statement is the "product of an essentially free and unconstrained choice by its maker," or . . . whether the maker's will "has been overborne and his capacity for self-determination critically impaired."'"  Roberts v. Commonwealth, 18 Va. App. 554, 557, 445 S.E.2d 709, 711 (1994) (citations omitted).  When making such a determination, "'courts look to the totality of all the surrounding circumstances,' including the defendant's background, experience, mental and physical condition and the conduct of the police."  Commonwealth v. Peterson, 15 Va. App. 486, 488, 424 S.E.2d 722, 723 (1992) (citation omitted).

Brighton testified Lewis smelled of alcohol and had bloodshot eyes.  However, she further stated Lewis was coherent and did not appear to have trouble understanding or answering her questions.  Lewis admitted his high tolerance for alcohol.  He did not slur his words or have difficulty walking during his encounter with the police.  The evidence supports the trial

-

court's conclusion that appellant understood his rights and waived them freely and voluntarily.

## II.

Lewis contends the evidence is insufficient to support his convictions.  Specifically, he argues the Commonwealth failed to prove he broke into the restaurant or took any property from the business.

"Guilt of breaking and entering a building may be established by circumstantial evidence; eyewitnesses are not required."  Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990) (en banc).  Kong Song Ni, the owner of the restaurant, testified he closed the business at 10:00 p.m. and when he left the building no windows were broken and the alarm was set.  He explained he ordinarily kept approximately two hundred dollars in small bills in the cash register.  The restaurant's alarm was activated around 2:00 a.m. and when the police arrived at the scene they discovered the front window had been smashed with a cinder block.  The police noted a shopping cart was located immediately outside the restaurant.  Bordeaux testified he had seen Lewis less than two hours before the break-in pushing a shopping cart near the restaurant.  The officers found Lewis a short distance from the scene of the crime with glass in the treads of his shoes and with nearly two hundred dollars in small bills on his person. Lewis provided the police with inconsistent statements regarding what he knew about the burglary.  He later told Brighton that he

-

owed $132 to his wife for child support and that he did not have enough money to meet the obligation. The glass fragments found on Lewis' clothing were consistent with the broken glass from the restaurant.

"When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required." Henderson v. Commonwealth, 215 Va. 811, 812-13, 213 S.E.2d 782, 783 (1975).

> "It is not necessary that the identity of stolen property should be invariably established by positive evidence. In many such cases identification is impracticable, and yet the circumstances may render it impossible to doubt the identity of the property, or to account for the possession of it by the accused upon any reasonable hypothesis consistent with his innocence."

Reese v. Commonwealth, 219 Va. 671, 673, 250 S.E.2d 345, 346 (1979) (quoting Gravely v. Commonwealth, 86 Va. 396, 402, 10 S.E. 431, 433 (1889)). Currency is not easily identified. See Cook v. Commonwealth, 214 Va. 686, 687-88, 204 S.E.2d 252, 253 (1974). Lewis' possession of a similar amount of money in similar denominations as the currency missing from the restaurant, combined with Lewis' close proximity to the scene of the crime a short time after the incident, allowed the trial court to reasonably infer the money Lewis carried was taken from the business.

"When a conviction is based upon circumstantial evidence, such evidence 'is as competent and is entitled to as much weight

-

as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (citation omitted). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). The Commonwealth excluded all reasonable hypotheses of innocence and established beyond a reasonable doubt, through the use of circumstantial evidence, that appellant broke into the restaurant and stole the money found on his person.

Accordingly, we affirm the decision of the trial court.

Affirmed.

-