JAMES J. REESE

v.

COMMONWEALTH OF VIRGINIA

January 12, 1979.

Record No. 780511.

Present: All the Justices.

*Richard N. Levin (Levin, Marcus & Levin,* on brief), for appellant.

*Jim L. Chin, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

James J. Reese was convicted by the trial court, sitting without a jury, of the offense of grand larceny. He was sentenced to serve eight months in jail and fined $100. The sole question on appeal is whether the evidence is sufficient to sustain the conviction.

C. A. Wooldridge, manager of the Firestone Tire and Rubber Company in Portsmouth, testified that on the morning of September 17, 1977, he "pulled" two automobile tires from the company's storage room. He stated that he placed them in the service department so that they could be picked up later in the morning by a representative from another Firestone store. Wooldridge said that he missed the tires about an hour later. The tires were not picked up by the Firestone representative as was intended.

Wooldridge described the tires as whitewall steel radial tires which had a wholesale value of $110. He said they were suitable for use on Oldsmobile, Buick and Chevrolet automobiles. Although he knew that the tires' model number was GR-70 x 15, he did not know their serial numbers as company procedure did not require the serial numbers to be recorded until the tires were sold.

A. V. Williams, assistant manager of the store, testified that Reese came into the store between 9 and 10 o'clock on the morning of September 17, 1977, and asked that the wheel alignment of his Chevrolet Monte Carlo automobile be checked. Accordingly, Williams gave the order to have the work done. However, Williams testified that before the work could be performed, Reese "came back to me and said he had to leave". Subsequently the defendant drove away in his Chevrolet automobile and returned about noon. Williams said that the Firestone store did not sell Reese any tires and did not perform any tire repairs for him on that day. The only work done for the defendant was in connection with his car's alignment. Williams further testified that two tires were missing from the store on the day in question; that the tires were in inventory on the store's books and had been pulled to be transferred to another store; and that the theft of the tires was reported to the police. The tires have never been recovered.

The only other witness was Lonnie Sims, a mechanic at the Firestone store. He testified that on the morning of September 17, 1977, while working in the service area, he saw the defendant carry two tires out of the area. Sims said that he was approximately 35 feet from Reese when he saw him going out of the service area, carrying a tire under each arm. Sims said that Reese

went to his automobile, which was parked in front of the area, unlocked the trunk and put both tires inside. Sims testified that the defendant left immediately and returned "after about I guess maybe twenty, maybe thirty minutes maybe or a little better".

Sims was unable to testify whether the tires were Firestone tires, new tires or used tires. He only knew that the defendant removed two unmounted tires from the service area of the Firestone store. Sims said that while it was unusual for anyone to get tires and "just put them in the trunk", it sometimes happened. Consequently he made no report of the incident to the manager, thinking that the defendant had paid for the tires.

The defendant did not testify and introduced no evidence in his behalf. His motion to strike was overruled by the trial court.

Reese contends that the evidence is insufficient to show that the tires he put in his car were the two tires which were placed in the store's service area by Wooldridge. He concedes that the testimony raises a suspicion of guilt, but says that his guilt has not been established beyond a reasonable doubt, adding that it was not incumbent upon him to prove that he did not take the tires.

Because the defendant was found guilty by the court below, we view the evidence in the light most favorable to the Commonwealth. In *Henderson v. Commonwealth*, 215 Va. 811, 812-13, 213 S.E.2d 782, 783 (1975), we held that "When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required. . . ." There we also quoted with approval from *Gravely v. Commonwealth*, 86 Va. 396, 402, 10 S.E. 431, 433 (1889), as follows:

> "'It is not necessary that the identity of stolen property should be invariably established by positive evidence. In many such cases identification is impracticable, and yet the circumstances may render it impossible to doubt the identity of the property, or to account for the possession of it by the accused upon any reasonable hypothesis consistent with his innocence.' [Citation omitted]. . . ."

The undisputed evidence is that on the morning the alleged larceny occurred, two Firestone whitewall radial tires were removed from inventory and placed in the company's service area.

On this same morning the defendant was in the service area of the store, allegedly to have some work done on his Chevrolet automobile. Subsequently defendant was seen carrying two tires from the service area and placing them in the trunk of his automobile. Notwithstanding that the defendant had placed a work order and supposedly was waiting for the work to be done, he immediately left the premises and did not return until some time thereafter.

Obviously the trial court found from all the facts and circumstances that the two Firestone tires placed in the service area were the identical tires that the defendant had in his possession when he was observed by Sims exiting the store. There was no occasion for the accused to have removed any tires from the premises of the Firestone store or to have been in physical possession of any tires. There is no evidence that he brought any tires to the store or purchased any tires while there. The circumstances in the case render it impossible to doubt the identity of the tires which the defendant removed and to account for their possession by the defendant upon any reasonable hypothesis consistent with his innocence.

*Affirmed.*