COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


JUSTIN LAMONT WINSTON

v.         Record No. 0431-95-2        MEMORANDUM OPINION*
                                       BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                    APRIL 9, 1996


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Herbert C. Gill, Jr., Judge

              Keith N. Hurley (Cawthorn, Picard & Rowe, on
              brief), for appellant.

              Monica S. McElyea, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.


     In this appeal from his bench trial conviction by the

Circuit Court of Chesterfield County (trial court) of grand

larceny in violation of Code § 18.2-95, Justin Lamont Williams

(appellant) contends that the evidence was insufficient to show

that he was guilty of grand larceny.

     Upon familiar principles, we state the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On

May 6, 1994, James Yearout (Yearout), an off-duty employee of

Tire America (the store), while sitting in his car waiting for it

to be serviced, saw appellant drop a white "tire bag" into a

--------------------------------

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

dumpster that was located within twelve to thirteen feet from the rear of the store. This was the dumpster nearest the loading dock. To Yearout, the white bag appeared to have an automobile tire in it.

If a customer of the store desires to take an old tire with him or her after purchasing new ones, the old tire is placed in a white bag for the customer's convenience. If the customer does not want the old tire, the store has a trailer parked near the rear of the building in which old tires are placed for subsequent disposal. Old tires are never discarded in the dumpsters and are not put in white bags when placed inside the trailer.

Yearout told Al Collins (Collins), the store's sales manager, what he had observed, and Collins "went to the dumpster to see what was in there." He saw two white bags. One was sufficiently open to enable him to see that "it had a new tire in it." Collins reported what he had seen "to the front office" and then went to lunch. Thereafter, Tom Mathews, who performed the store's security service, went to the dumpster and recovered two tires, one from each white bag. Collins later identified them as two Michelin tires with the same tire tread as on the one he had seen in the dumpster. Collins stated that on May 6, 1994, the sale price of these type tires was from $140 to $499 each.

When Mathews attempted to have a discussion with appellant concerning the tires, appellant denied any knowledge "about the tires." When Mathews further asked appellant to "talk about it,"

appellant left the store, without responding further, and never again returned.

The above information was reported to the Chesterfield County Police Department. Officer Stein (Stein) responded. In the course of his investigation Stein sighted appellant about an hour later at the shopping mall where the store was located and engaged him in conversation. At first, appellant declined to give Stein any identification but subsequently gave him his driver's license. Stein asked appellant if he had stolen any tires from the store. When that question was asked, without giving any response, appellant "ran to the front of his car, jumped in and sped off through the parking lot, leaving [Stein] standing there with his driver's license." About thirty-five minutes later, when appellant returned to the mall, Stein "placed him under arrest for the theft."

Appellant's motion to strike was overruled. Thereafter, appellant rested without presenting any evidence.

Appellant primarily relies upon Maughs v. City of Charlottesville, 181 Va. 117, 23 S.E.2d 784 (1943). We do not agree that Maughs controls our decision here. In Maughs, the prosecution failed to prove that the railroad ties found in the defendant's possession were stolen. See Lew v. Commonwealth, 20 Va. App. 353, 457 S.E.2d 392 (1995). In the case before us, it is clear that the tires placed in the dumpster had been placed there with the intent to deprive the owner thereof permanently.

Declared a crime by Code § 18.2-95, larceny is also a common law crime defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently. Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945). The animus furandi must accompany the taking, but the wrongful taking of property in itself imports the animus furandi. Id.

To constitute the crime of larceny, there must have been a felonious taking of property from the possession of the owner, and the thief must, for an instant at least, have had complete and absolute possession of the stolen property, and during such possession and control he must have feloniously removed the same from the place it occupied just before he grasped, seized or laid hold of the same. See Jones v. Commonwealth, 3 Va. App. 295, 301, 349 S.E.2d 414, 418 (1986), and authorities there cited.

We cannot say that the judgment of the trial court was plainly wrong or without evidence to support it. The evidence in this record is sufficient to support a finding that appellant wrongfully took personal property belonging to the store, valued at $200 or more, without the owner's consent and with the intent to convert it to his own use and to deprive the owner thereof permanently. See Reese v. Commonwealth, 219 Va. 671, 250 S.E.2d 345 (1979).

Accordingly, the judgment of the trial court is affirmed.

Affirmed.