COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DOUGLAS A. WARF

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1086-96-1      JUDGE NELSON T. OVERTON
                                       JANUARY 28, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        John K. Moore, Judge

            Andrew G. Wiggin, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



        Douglas A. Warf was convicted of grand larceny in violation

of Code § 18.2-95.  He appeals, contending that the Commonwealth

did not prove beyond a reasonable doubt that the automobile with

which he was found was actually stolen.  We disagree and affirm.

        The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

        On appeal, the evidence must be viewed in a light most

favorable to the Commonwealth.  See Higginbotham v. Commonwealth,

216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  A judgment will

not be disturbed on appeal unless it is plainly wrong or without

--------------------------------------------------

[*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

evidence to support it.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

The owner of the stolen car and the arresting officers all described the car variously as a red 1992 Geo Storm, a "little Geo," and a "red '92 Geo."  The owner testified that she saw her car on July 18, 1995.  The officers took the car from Warf on the same day.  She testified that she had left a single key in the ignition.  Warf told the officers that he had lost "the" key to the car he was driving.

"When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required."  Henderson v. Commonwealth, 215 Va. 811, 812-13, 213 S.E.2d 782, 783 (1975).  "'It is not necessary that the identity of stolen property should be invariably established by positive evidence.  In many such cases identification is impracticable, and yet the circumstances may render it impossible to doubt the identity of the property, or to account for the possession of it by the accused upon any reasonable hypothesis consistent with his innocence.'"  Reese v. Commonwealth, 219 Va. 671, 673, 250 S.E.2d 345, 346 (1979) (quoting Gravely v. Commonwealth, 86 Va. 396, 402, 10 S.E. 431, 433 (1889)).

All of the evidence in this case indicates that the car found with Warf is the same car recently stolen.  Accordingly, we affirm the conviction.

Affirmed.