COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Powell
Argued at Chesapeake, Virginia

LADARIS BRITT

                                                         MEMORANDUM OPINION[*] BY
v.        Record No. 1447-09-1                    JUDGE D. ARTHUR KELSEY
                                                                JUNE 22, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge Designate

        Ned Andrews, Assistant Public Defender (Brenda C. Spry,
        Public Defender; Joseph A. Sadighian, Senior Assistant
        Appellate Defender, on briefs), for appellant.

        Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        The trial court found Ladaris Britt guilty of grand larceny.  On appeal, he contends the

court erroneously admitted hearsay evidence and convicted him on insufficient evidence.  We

disagree with both assertions and affirm his conviction.


                                                    I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In addition, our examination of the record "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008). In determining whether there is evidence to sustain a conviction, an appellate court must consider "all the evidence" admitted at trial that is contained in the record. Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010) (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586).

In 2007, Carla Turner Hale left her black, two-door, 1991 Acura Legend coupe at her mechanic's home in Portsmouth so he could perform repairs. The Acura had flat tires, cracked rims, and a key stuck in the ignition. Hale testified the cracked rims punctured the tires when the car was driven. The mechanic parked Hale's car in his driveway and covered it with a gray car cover in between repairs.

On November 19, 2007, the mechanic returned home from work and discovered Hale's Acura had been stolen. Hale immediately contacted police to report the theft. That same day, Officer B.D. Davis saw Britt driving a black, two-door Acura coupe on Portsmouth Boulevard. Officer Davis noticed the rear driver's side window was broken out and, suspecting the Acura might be stolen, approached Britt. Britt parked the Acura in a convenience store parking lot and asked Officer Davis for help because the car had a flat tire. Britt told Davis he had purchased the Acura from his uncle for $3,500, but did not have a receipt. Officer Davis looked up the Vehicle Information Number (VIN) in his computer database. The database identified Hale as the owner but did not list the vehicle as stolen. Officer Davis issued Britt two summons, one for driving on a suspended license and another for driving an unregistered vehicle.

On December 2, 2007, Officer Davis again saw Britt during his investigation of a domestic assault. When the officer approached, Britt was standing next to the same black Acura Britt was driving on November 19. This time, however, the Acura had a different set of license

plates. The officer's VIN computer check tracked the plates to a blue Dodge owned by Britt. Officer Davis again checked the VIN number on the vehicle and, on this occasion, the updated database reported the vehicle stolen. Officer Davis told Britt he was under arrest for grand larceny. In response, Britt conspicuously announced that the officer "hadn't seen him in the car" earlier. Officer Davis described the remark as a "spontaneous utterance" wholly unprompted by anything he had said to Britt.

Police officers secured the Acura in an impound lot. Hale later identified it as hers and regained possession of the vehicle.

At trial, Britt took the stand in his defense. A convicted felon, Britt said he bought the 1991 black Acura from Hale's mechanic for $3,500. He acknowledged the Acura had two flat tires and a cracked rim. The mechanic retook the stand in rebuttal and testified Britt's story was wholly fabricated. He testified he did not meet Britt on November 19, did not take any money from him, and did not sell him the Acura.

Britt's counsel moved to strike the evidence claiming the Commonwealth failed to prove the Acura in Britt's possession was the same one stolen from Hale. After patiently summarizing the extensive evidence to the contrary, the trial court denied the motion as "a ridiculous argument." At the close of evidence, Britt renewed his motion to strike and also argued the evidence supported a reasonable hypothesis of innocence. The court again denied his motion.

II.

A. HEARSAY OBJECTION — VIN DATABASE RECORD

Twice during the trial Officer Davis testified about entering the Acura's VIN in the police computer and receiving information about the vehicle. The first time he conducted a VIN check was on the day of the theft when he stopped Britt in the Acura. On that date, the database identified Hale as the owner but did not list the vehicle as stolen. The second time Officer Davis

used the VIN database was the day he arrested Britt. That time, the database specifically identified the Acura as having been reported stolen.

Britt's counsel objected to the testimony regarding the VIN database on hearsay grounds. The trial court overruled the first objection without comment. On the second occasion, the court again overruled the objection stating:

> Let me explain. I don't think it's inadmissible when used by a policeman for the purposes of establishing basis for his taking action. *It certainly is not admission to prove the car was stolen.* It's not admissible for anything other than for what I just said. So I overrule your objection, generally.

(Emphasis added.) When Britt's counsel repeated his objection during closing argument, the court again explained: "I said that the fact that it said it was a stolen car, I think that's hearsay, that it's a stolen car in the records. I overrule your objection."

On appeal, Britt frames the issue this way: "Although the trial court said the evidence was not being admitted to prove the car was stolen, the admission of the hearsay was prejudicial." Appellant's Br. at 10. The balance of his argument restates the proposition that hearsay evidence, absent an applicable exception, is inadmissible. Britt concludes his argument with this request: "Britt asks this Court to find that the trial court committed reversible error in admitting the hearsay testimony." Id. at 13.

We find Britt's argument confused and self-defeating. The trial court expressly held the computer reports received from the VIN database were not admissible to prove the truth of the matter asserted — which, as the trial court noted, was "the fact that it said it was a stolen car." The court admitted the evidence only to explain the officer's actions.[1] The hearsay rule

---

[1] A trial court "is presumed to separate 'the admissible from the inadmissible,' and to have considered only competent evidence." Damon v. York, 54 Va. App. 544, 557 n.8, 680 S.E.2d 354, 361 n.8 (2009) (quoting Spencer v. Commonwealth, 238 Va. 563, 569, 385 S.E.2d 850, 854 (1989)). "The 'training, experience and judicial discipline' of a trial judge permits him

"excludes out-of-court declarations only when they are 'offered for a special purpose, namely, as assertions to evidence the truth of the matter asserted.' If the court can determine, from the context and from the other evidence in the case that the evidence is offered for a different purpose, the hearsay rule is no barrier to its admission." Testa v. Commonwealth, 55 Va. App. 275, 280 n.1, 685 S.E.2d 213, 215 n.1 (2009) (quoting Winston v. Commonwealth, 268 Va. 564, 591, 604 S.E.2d 21, 36 (2004) (citation omitted)). "It necessarily follows that '[t]he hearsay rule does not operate to exclude evidence of a statement offered for the mere purpose of explaining the conduct of the person to whom it was made.'" Id. (citation omitted). The trial court, therefore, did not improperly admit the VIN database information as hearsay evidence.

We need not address whether the information, though admitted for a non-hearsay purpose, was nonetheless relevant and non-prejudicial. At trial, Britt's counsel did not object on either ground. We have often said:

> As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal. Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it.

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742 (emphasis in original), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Making one specific argument on an issue," moreover, "does not preserve a *separate* legal point on the *same* issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (emphasis added), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004).[2] When

---

to separate the admissible from the inadmissible 'even though he has heard both.'" Id. (quoting Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981)).

[2] See also Riner v. Commonwealth, 268 Va. 296, 323-25, 601 S.E.2d 555, 571-72 (2004) (holding that appellant waived challenge to double-tier hearsay by failing to specifically object to trial court's incomplete ruling as to only one of the two tiers); West Alexandria Prop., Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On

making an evidentiary objection counsel must identify the "specific rule of evidence" on which he relies. Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) (citation omitted).

Objecting to evidence as unduly prejudicial is different from attacking it as logically irrelevant or, even if relevant, nonetheless barred by the hearsay rule. No matter how "remote or insignificant," evidence is relevant so long as it "tends to establish the probability or improbability" of a material fact. Thomas, 44 Va. App. at 753, 607 S.E.2d at 743 (citation omitted). Evidence is unduly prejudicial, despite logical relevance, when it has a tendency to "inflame irrational emotions" or lead a factfinder to "illegitimate inferences." Id. at 758, 607 S.E.2d at 746. Even when logically relevant and not unduly prejudicial, evidence can still be independently barred by the hearsay rule. While related, these three concepts are far from synonymous. See generally Kent Sinclair, A Guide to Evidence in Virginia §§ 401, 403 & 802 (2010).

### B. SUFFICIENCY OF THE EVIDENCE

Under settled principles, we review a trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original).[3] "Rather, the relevant question is whether '*any* rational trier of fact could

---

appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court.").

[3] See also Prieto v. Commonwealth, 278 Va. 366, 399, 682 S.E.2d 910, 927 (2009); McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009); Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).

have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (citation omitted and emphasis in original).  We are "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).  Instead, we give factfinders

> the wide discretion to which a living record, as distinguished from a printed record, logically entitles them.  The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

James v. Commonwealth, 53 Va. App. 671, 677, 674 S.E.2d 571, 574 (2009) (citation omitted).  Consequently, "we do not substitute our judgment for that of the fact finder," Hamilton, 279 Va. at 105, 688 S.E.2d at 175, "even if our opinion were to differ," Ferguson v. Commonwealth, 51 Va. App. 427, 435, 658 S.E.2d 692, 696 (2008) (*en banc*) (citation omitted).

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise."  Haskins, 44 Va. App. at 11, 602 S.E.2d at 407 (citation omitted).  "If reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge."  Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002).  This deferential standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (citation omitted).  Thus, a factfinder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," Thomas, 48 Va. App. at 608, 633 S.E.2d at 231 (citation omitted).

In this case, Britt challenges the sufficiency of the evidence on two grounds. First, he argues "[n]o admissible evidence proved Britt possessed Hale's car." Appellant's Br. at 17. Second, he claims no evidence disproved "a reasonable hypothesis of innocence, *i.e.*, that Britt purchased the car he possessed from [the mechanic] for $3,500.00." Id. We find both assertions meritless.

A rational factfinder could easily conclude the vehicle possessed by Britt belonged to Hale. It was a 1991 black Acura, had two doors, two flat tires, and broken rims. Hale testified she left the black Acura with the mechanic. Britt testified he got the black Acura from the mechanic. No witness testified there were *two* Acuras in the mechanic's yard — particularly two 1991 black, two-door coupes with flat tires, broken rims, and car covers over them. Thus, the Commonwealth proved the vehicle stolen from the mechanic's yard on November 19 was the same vehicle in Britt's possession on December 2.

Upon establishing that a larceny has occurred, "the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998) (citation omitted). This inference "throws upon the accused the burden of accounting for that possession," Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990) (*en banc*) (citations and internal quotations omitted), and is "sufficient for the judge or jury to infer that the person in possession of the stolen goods was the thief." Lew v. Commonwealth, 20 Va. App. 353, 358, 457 S.E.2d 392, 394-95 (1995); see also Montague v. Commonwealth, 40 Va. App. 430, 437, 579 S.E.2d 667, 670 (2003).[4]

---

[4] Contrary to Britt's assumption otherwise, the larceny inference applies when the goods in question match the "general description" of the recently stolen items. See Wright v. Commonwealth, 2 Va. App. 743, 747, 348 S.E.2d 9, 12 (1986). "When an accused is found in possession of goods of a type recently stolen, strict proof of identity of the goods is not required." Henderson v. Commonwealth, 215 Va. 811, 812-13, 213 S.E.2d 782, 783 (1975); see also Bunch v. Commonwealth, 225 Va. 423, 437, 304 S.E.2d 271, 279 (1983) ("strict proof of identity" not required). In other words, it is "not necessary that the identity of stolen property

Britt's second point — that the trial court had no choice but to believe his explanation that he purchased the black Acura from the mechanic — is equally weak. Both the mechanic and Britt testified. The trial court believed the mechanic and disbelieved Britt, a convicted felon. As factfinder, the trial court was at liberty to discount Britt's self-serving statements as little more than lying to "conceal his guilt," Coleman v. Commonwealth, 52 Va. App. 19, 25, 660 S.E.2d 687, 690 (2008) (quoting Haskins, 44 Va. App. at 10, 602 S.E.2d at 406), and could treat such prevarications as "affirmative evidence of guilt," id. (quoting Wright v. West, 505 U.S. 277, 296 (1992)).[5] This principle naturally follows from the broader observation that "whenever a witness testifies, his or her credibility becomes an issue." Hughes v. Commonwealth, 39 Va. App. 448, 462, 573 S.E.2d 324, 330 (2002) (citation omitted).

Due process requires the prosecution to prove the defendant's guilt "beyond a reasonable doubt." Fiore v. White, 531 U.S. 225, 228-29 (2001). This essential safeguard of liberty, as stringent as it is, does not ignore the axiom that "[e]vidence is seldom sufficient to establish any fact as demonstrated and beyond all doubt." Harris v. Commonwealth, 206 Va. 882, 887, 147 S.E.2d 88, 92 (1966) (quoting Toler v. Commonwealth, 188 Va. 774, 780, 51 S.E.2d 210, 213 (1949)). "Anything is possible," as Judge Posner has observed, "but a merely metaphysical doubt . . . is not a reasonable doubt for purposes of the criminal law. If it were, no one could be

should be invariably established by positive evidence. In many such cases identification is impracticable, and yet the circumstances may render it impossible to doubt the identity of the property, or to account for the possession of it by the accused upon any reasonable hypothesis consistent with his innocence." Reese v. Commonwealth, 219 Va. 671, 673, 250 S.E.2d 345, 346 (1979) (quoting Gravely v. Commonwealth, 86 Va. 396, 402, 10 S.E. 431, 433 (1889)).

[5] See also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) (recognizing "general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt'" (quoting Wright, 505 U.S. at 296)); Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004); Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004); Emmett v. Commonwealth, 264 Va. 364, 372, 569 S.E.2d 39, 45 (2002); Bly v. Commonwealth, 55 Va. App. 1, 12, 682 S.E.2d 556, 562 (2009) (en banc); Thomas, 44 Va. App. at 755 n.5, 607 S.E.2d at 744 n.5; Dugger v. Commonwealth, 40 Va. App. 586, 594 n.2, 580 S.E.2d 477, 481 n.2 (2003).

convicted." <u>United States v. Ytem</u>, 255 F.3d 394, 397 (7th Cir. 2001) (internal citations omitted).

III.

In sum, the trial court did not violate the hearsay rule by admitting the VIN database information for the purpose of explaining the officer's actions. Nor did the trial court, acting in its factfinding capacity, convict Britt on insufficient evidence. We thus affirm his conviction for grand larceny.

<u>Affirmed.</u>