COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Powell
Argued at Chesapeake, Virginia


JONATHAN CHRISTOPHER MONTGOMERY, S/K/A
  JOHNATHON CHRISTOPHER MONTGOMERY
                                                               OPINION BY
v.        Record No. 0827-09-1                          JUDGE ROBERT P. FRANK
                                                               AUGUST 10, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Randolph T. West, Judge Designate

            Ben Pavek (Office of the Public Defender, on briefs), for appellant.

            Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli, II,
            Attorney General, on brief), for appellee.


        Jonathan Christopher Montgomery, s/k/a Johnathon Christopher Montgomery, appellant,

was convicted, in a bench trial, of forcible sodomy in violation of Code § 18.2-67.1, aggravated

sexual battery in violation of Code § 18.2-67.3, and object sexual penetration in violation of

Code § 18.2-67.2.  On appeal, he contends the trial court erred in not affording him allocution as

required by Code § 19.2-298, thus invalidating the sentences imposed.  For the reasons stated,

we affirm the trial court.

                                    BACKGROUND

        Because appellant does not contest the sufficiency of the evidence, we recite only the

facts germane to this appeal.

        Appellant, then aged fourteen, committed the three subject offenses on a child ten years

old at the time of the offenses.  Victim did not report the incident until seven years after the

occurrence.  Appellant denied committing these offenses.

At the conclusion of the evidence, the court found appellant guilty and set a date for sentencing, ordering a pre-sentence report. At sentencing, after the trial court disposed of a number of motions, appellant put on evidence. After argument by counsel, the trial court sentenced appellant to a total of forty-five years with all but seven and one half years suspended. The trial court did not allow appellant allocution under Code § 19.2-298 but asked appellant if he had any questions. Appellant replied in the negative. Appellant did not object to the trial court's failure to provide allocution at that time, but did note his objection during his motion for bail, which occurred immediately after sentencing. Appellant's counsel noted that the trial court failed to offer appellant allocution and objected to the sentencing order.

The trial court acknowledged it had failed to do so and stated:

> THE COURT: You're right. I did not. I guess because of the emotions and everything that's taken place, I just simply overlooked it. If he wants to make a statement to the Court now, I will allow him to make a statement. It's not going to affect my sentencing, but you may well be right. I'm not sure.

The trial court then indicated it would enter the sentencing order and asked appellant's counsel if appellant wanted "to make a statement at this point for the record?" Essentially, the trial court asked if appellant wanted to proffer the allocution. Appellant's counsel declined to do so, stating the allocution must occur prior to sentencing. The trial court agreed.

This appeal follows.

## ANALYSIS

Appellant argues failure to comply with the allocution mandate of Code § 19.2-298 is error and requires a new sentencing.

Code § 19.2-298 requires that "[b]efore pronouncing the sentence, the court shall inquire of the accused if he desires to make a statement and if he desires to advance any reason why judgment should not be pronounced against him." "Allocution is the defendant's right to speak

on his own behalf after the fact finder determines guilt but before the judge pronounces sentence." Bassett v. Commonwealth, 222 Va. 844, 858-59, 284 S.E.2d 844, 853 (1981). This common law right existed prior to the 1975 enactment of Code § 19.2-298. While allocution is mandated by statute, there is no constitutional right to an allocution before sentencing. Hill v. United States, 368 U.S. 424, 428 (1962) (deprivation of allocution before sentencing is "an error which is neither jurisdictional nor constitutional").

Clearly, appellant was not afforded the right of allocution under Code § 19.2-298. Finding error, our inquiry is whether such failure is reversible error.[1] We begin our analysis by noting that failure to advise a defendant of his right of allocution is not, *per se*, reversible error. It is not "structural error." Thus, we engage in a harmless error analysis. "The harmless error doctrine recognizes the distinction between 'trial error' and 'structural error.' The former is governed by the harmless error doctrine; the latter is not." Ray v. Commonwealth, 55 Va. App. 647, 651, 688 S.E.2d 879, 881 (2010).

As the Supreme Court of Virginia stated in Morrisette v. Warden of the Sussex I State Prison, 270 Va. 188, 613 S.E.2d 551 (2005):

> A "structural error" is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." Arizona v. Fulminante, 499 U.S. 279, 310 (1991); see Emmett v. Warden, 269 Va. 164, 168, 609 S.E.2d 602, 605 (2005). As such, it is the constitutional magnitude of the error that defies "harmless error review." Neder v. United States, 527 U.S. 1, 8 (1999). Examples of errors which affect the framework of a trial include the denial of a public trial, the denial of counsel, the denial of an impartial trial judge, the systematic exclusion of members of the defendant's race from the grand jury, the infringement upon a defendant's right to represent himself, and the improper instruction to a jury as to reasonable doubt and the burden of proof. See Johnson v. United States, 520 U.S. 461, 466-67 (1997) (discussion of "limited class of cases" in which

---

[1] At oral argument, the Commonwealth conceded error but argued the error was harmless.

- 3 -

structural error found); <u>Green v. Young</u>, 264 Va. 604, 611-12, 571 S.E.2d 135, 140 (2002) (holding an instruction stating the jury shall find the defendant guilty if the Commonwealth failed to prove each element beyond a reasonable doubt to be structural error).

<u>Id.</u> at 192, 613 S.E.2d at 556.

Conversely, "[t]rial error, simply a mistake of law made during the trial process itself, does require a showing of prejudice, lest an appellate court will consider it mere harmless error." <u>Campbell v. Campbell</u>, 49 Va. App. 498, 506 n.4, 642 S.E.2d 769, 773 n.4 (2007).

Because the error in this case is non-structural and is not presumptively prejudicial, we must then conduct a harmless error analysis. The harmless error inquiry is the process by which a reviewing court identifies trial error and then determines whether that error affected the result. <u>See</u> <u>Sochor v. Florida</u>, 504 U.S. 527, 539-40 (1992); <u>Pope v. Illinois</u>, 481 U.S. 497, 504 (1987). This is because the goal of the harmless error rule "is 'to conserve judicial resources by enabling appellate courts to cleanse the judicial process of prejudicial error without becoming mired in harmless error.'" <u>United States v. Hasting</u>, 461 U.S. 499, 509 (1983) (quoting R. Traynor, <u>The Riddle of Harmless Error</u> 81 (1970)).

Furthermore, the principle is well established that the Commonwealth bears the burden of proving the error was harmless. <u>See</u> <u>Joyner v. Commonwealth</u>, 192 Va. 471, 476-78, 65 S.E.2d 555, 558-59 (1951). Therefore, while appellant is obligated to raise the alleged error on appeal, he is not obligated to raise the harmless error doctrine. <u>See</u> <u>Luginbyhl v. Commonwealth</u>, 48 Va. App. 58, 78, 628 S.E.2d 74, 78 (2006).

The Commonwealth contends that appellant's appeal cannot succeed because he did not proffer his allocution statement for the record. We agree. Even if the trial court refused to consider an allocution proffer, that does mean that we must decide the appeal without one.

- 4 -

The proffer requirement serves two functions.  It provides the trial court with an opportunity to reconsider and amend the alleged error.  But the requirement also "serves the higher purpose of safeguarding our duty under Code § 8.01-678[2] to reverse only when the trial error actually prejudiced the defense."  Ray, 55 Va. App. at 650, 688 S.E.2d at 881 (footnote added).

Absent a proffer showing "harm was done," we are "forbidden to consider the question."  Scott v. Commonwealth, 191 Va. 73, 79, 60 S.E.2d 14, 16 (1950).  This is because "a proffer allows us to examine both the 'admissibility of the proposed testimony,' and whether, even if admissible, its exclusion 'prejudiced' the proffering party."  Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689-90 (2006) (quoting Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006)).  "We can perform this examination only when the proponent proffers 'the testimony he expected to elicit,' rather than merely his theory of the case."  Id. at 21, 635 S.E.2d at 690.

Powell v. Warden, No. 042716 (Va. Nov. 8, 2005), a habeas corpus case, addresses this very issue and supports our view.  The Court, in considering an ineffective assistance of counsel claim, held that the petitioner had not alleged what he would have said if he had been given the opportunity to address the court or how such a statement would have impacted the sentence he received.  See also United States v. Magwood, 445 F.3d 826, 830 (5th Cir. 2006) (holding an allocution error would not be reversed on appeal because the appellant did "not furnish any information about what he would have allocuted to that might have mitigated his sentence"); State v. Bowen, 915 P.2d 120, 127 (Kan. 1996) (observing "defendant has not made the requisite

---

[2] Code § 8.01-678 provides, in relevant part:  "When it plainly appears . . . that the parties have had a fair trial . . . and substantial justice has been reached, no judgment shall be . . . reversed . . . [f]or any other defect, imperfection, or omission in the record, or for any error committed."

proffer of the contemplated evidence," and thus, the "denial of allocution was harmless error" (quoting State v. Hunt, 894 P.2d 178, 191 (Kan. 1995))); State v. Duke, 887 P.2d 110, 126 (Kan. 1994) (holding the failure "to proffer" rendered the allocution error "harmless"); Harris v. State, 509 A.2d 120, 127 (Md. 1986) (stating a "defendant who timely asserts his right to allocute, and *provides an acceptable proffer*, must be afforded a fair opportunity to exercise this right" (emphasis added)).

Thus, assuming *arguendo* the trial judge had no interest in correcting his mistake, we still must determine on appeal whether this error would nonetheless be harmless when considered in the context of the entire case. There are three possible scenarios involved here in appellant's allocution. First, he may have chosen not to exercise his right of allocution. Second, if he chose to exercise that right, he may have offered defiant or insensitive remarks that would have aggravated his situation. Third, he may have shown remorse for his actions, thereby mitigating his sentence.

The first two scenarios would render the trial court's allocution error harmless. The third scenario, a sincere showing of contrition would render the error not harmless, based on the trial court's statement that allocution would not alter his sentence.[3] When seeking the mercy of the court, the "most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." Green v. United States, 365 U.S. 301, 304 (1961) (plurality opinion).

We are unable to determine whether this error prejudiced appellant since the record does not disclose what appellant would have said had he been given the opportunity to allocute or even if he would have made any statement at all. We could only speculate as to the contents of

---

[3] See In re Pers. Restraint of Benn, 952 P.2d 116, 129 (Wash. 1998) ("The only legitimate purpose for the allocution was for the defendant to express remorse and ask for mercy.").

appellant's allocution. Without a proffer, we have no indication whether any statement would tend to be mitigating or aggravating. Appellant failed to proffer, either to this Court or to the trial court, how this error prejudiced him. Not only did counsel fail to proffer a summary of his allocution,[4] he never once proffered that appellant intended to offer *any* allocution at all. It is not uncommon for criminal defendants to say nothing when given the opportunity to allocute. This could have been such a case. Not a line of the transcript suggests otherwise. We therefore conclude that the error was harmless.

Appellant further contends he was deprived of due process because of the failure to afford him the right of allocution. This argument is waived on two grounds. Appellant did not argue due process at trial. Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Because we may not invoke the ends of justice exception to Rule 5A:18 *sua sponte* and appellant does not ask us to do so, we hold that appellant waived his due process objection and decline to consider this argument on appeal. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004).

Although arguing on brief that he was deprived of due process, appellant simply makes a conclusionary statement without developing the argument or citing any authority to support that bare assertion. Rule 5A:20 requires that an appellant's opening brief contain the "principles of law, the argument, and the authorities relating to each question presented." Pursuant to that rule, we have held that "'[s]tatements unsupported by argument, authority, or citations to the record

---

[4] It should be remembered that the trial court, before adjourning, gave appellant an opportunity to proffer his allocution "Does he desire to make a statement at this point *for the record*?" (Emphasis added.)

do not merit appellate consideration.'" <u>Epps v. Commonwealth</u>, 47 Va. App. 687, 718, 626 S.E.2d 912, 926-27 (2006) (*en banc*) (quoting <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).  Moreover, "when a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" <u>Parks v. Parks</u>, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).  We find appellant's failure to develop his due process argument or cite authorities is significant. Accordingly, the argument is waived.

CONCLUSION

We conclude that the trial court erred in not affording appellant the right of allocution under Code § 19.2-298.  However, by not making an allocution proffer after being invited to do so, appellant defeated the twin purposes of a proffer.  Refusing to give the proffer not only deprived the trial court of the opportunity to correct its mistake, but it also precludes us from determining whether, notwithstanding the error, appellant received a "fair trial" and "substantial justice," in accordance with Code § 8.01-678.  The record does not disclose any prejudice suffered by appellant because of the lack of proffer, and so we find the error harmless.

<u>Affirmed.</u>