COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff,[*] Judge Petty and Senior Judge Annunziata
Argued at Lexington, Virginia


MICHAEL EDWARD WYATT

                                        MEMORANDUM OPINION[**] BY
v.        Record No. 1409-13-3          JUDGE ROSEMARIE ANNUNZIATA
                                        JANUARY 13, 2015
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                        Stacey W. Moreau, Judge

        James C. Martin (Martin & Martin Law Firm, on briefs), for
        appellant.

        Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
        Attorney General, on brief), for appellee.


        Michael Edward Wyatt, appellant, appeals his convictions of statutory burglary, grand

larceny, and possession of a firearm by a convicted violent felon.  A jury considered the burglary

and grand larceny charges and, upon the same evidence, the trial court decided the firearm charge.

Appellant advances the following assignments of error on appeal:

        (1)  The trial court erred by denying his motion for mistrial and to set
        aside the verdicts due to juror misconduct;

        (2) The trial court erred by denying his motion for mistrial and to set
        aside the verdicts because the trial court failed to instruct the jury
        whether the sentences would run consecutively or concurrently;

        (3) The trial court erred by overruling a motion *in limine* and later
        refusing to set aside the verdicts or grant a mistrial because of the
        unrelated and irrelevant evidence of eluding the police;

_____

        [*] On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(4) The trial court erred by refusing to set aside the verdicts and grant a mistrial because, if the evidence of eluding was to be admitted, a police video should have been admitted;

(5) The trial court erred in upholding the jury's verdict in the grand larceny charge despite the lack of sufficient evidence in that only a very few of the stolen items were found on appellant;

(6) The trial court erred in upholding the jury's verdict of statutory burglary despite the lack of sufficient evidence of appellant's connection to the burglary;

(7) The trial court erred in ruling that the evidence was sufficient to convict of possession of a firearm after having been convicted of a violent felony where the failure to connect appellant to the burglary was also a failure to connect him to the possession of any firearm; and

(8) The trial court erred in overruling the motion to modify the sentence because the lack of instruction to the jury on whether the sentences would be consecutive or concurrent created a situation where the total sentence imposed was an abuse of discretion, as well as being cruel, unusual, and constitutionally disproportionate to the facts of the case and to the factors which ought to have been considered in sentencing, thus violating the Eighth Amendment to the U.S. Constitution and Article I, § 9 of the Virginia Constitution.

Finding no error, we affirm the judgments of conviction.

Background

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  Viewed in this light, the evidence adduced at trial established the victims were away from their home for five hours on a Sunday.  When they returned home, they discovered their home had been ransacked.  The victims reported that numerous items were missing, including a television, several pieces of jewelry, and fifteen "working firearms."  One victim testified the back door was pried open with "some type of tool."

- 2 -

Within forty-eight hours of the break-in, Investigator Johnny Owens went to a hotel in Danville to locate appellant. Owens saw appellant leave the hotel and enter his vehicle. Owens attempted to block appellant's vehicle; however, appellant avoided Owens, drove out of the parking lot, and led police on a high-speed chase. After some time, appellant jumped out of his vehicle and attempted to flee on foot. Owens and other officers pursued him and observed that appellant was running with his right hand "tucked in tight" to his waistband area. When the officers caught appellant, he initially refused to release his hand. In appellant's right front pocket, the officers found an eyeglass bag containing four rings, later identified as jewelry stolen from the victims' home. The officers did not recover any other property taken from the home, including the firearms.

Investigator Marcus Jones interviewed appellant four days after his arrest. Appellant denied having any memory of the rings. However, when shown a picture of the rings, he stated he found them in a plastic bag at a dumpster and, in a recorded phone call, made from the jail, appellant stated he obtained the rings at a flea market, on a Sunday. In another recorded call, appellant told a woman to get rid of a big, red, screwdriver.

At trial, appellant presented alibi evidence that he was working at the residence of another individual during the time of the break-in.

Juror Misconduct

Appellant contends the trial court erred by denying his motions for mistrial and to set aside the verdicts because a juror failed to disclose she had knowledge of the offenses and that appellant had additional charges in another jurisdiction.

> The Supreme Court of Virginia has "repeatedly held that if a defendant wishes to take advantage on appeal of some incident he regards as objectionable enough to warrant a mistrial, he must make his motion timely or else be deemed to have waived his objection." Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (citing Cheng v. Commonwealth, 240 Va. 26, 38-39, 393 S.E.2d 599, 605-06 (1990); Price v. Commonwealth, 213 Va. 113, 121, 189 S.E.2d 324, 330 (1972); Brown v. Commonwealth, 208

Va. 512, 518-19, 158 S.E.2d 663, 668-69 (1968); Russo v. Commonwealth, 207 Va. 251, 257, 148 S.E.2d 820, 825 (1966)). More particularly, when a defendant learns of alleged juror misconduct during the trial, but fails to move for a mistrial at the time the misconduct is discovered, the defendant waives appellate review of the juror's misconduct. Riner v. Commonwealth, 268 Va. 296, 318, 601 S.E.2d 555, 567 (2004) (citing Rule 5:25, the Rule of the Virginia Supreme Court that articulates the contemporaneous objection rule); see also Yeatts, 242 Va. at 137, 410 S.E.2d at 264 (holding a motion for mistrial was untimely when it was made the day after the alleged objectionable incident occurred).

Perry v. Commonwealth, 58 Va. App. 655, 676-77, 712 S.E.2d 765, 776 (2011).

Appellant learned midday at trial that appellant's daughter, Dawn Jones, was acquainted with a juror. The juror was the half-sister of Jones' ex-boyfriend. Jones testified the juror was present during a conversation Jones had with another relative of the juror and her ex-boyfriend, during which Jones discussed appellant's pending criminal charges and the police chase.

Appellant did not make any inquiry about, or object to, the juror's truthfulness in *voir dire* when he learned of the issue during the course of the trial. Appellant first raised the argument he presents on appeal in a post-trial motion to set aside the jury verdicts and declare a mistrial. As in Perry, this Court will not speculate as to why appellant did not object at the time he learned of the potential error. Such decision to wait until after the jury's verdict was an untimely motion for mistrial and a failure to comply with the contemporaneous objection requirement of Rule 5A:18. See Perry, 58 Va. App. at 679-80, 712 S.E.2d at 777.

Appellant asks that the Court apply the ends of justice exception to Rule 5A:18 based on the lengthy sentence imposed for the offenses. "'[T]here are two distinct requirements that [appellant] must meet before we can apply the ends of justice exception: (1) that the trial court erred, and (2) that a grave or manifest injustice will occur or the appellant will be denied essential rights.'" Masika v. Commonwealth, 63 Va. App. 330, 334-35, 757 S.E.2d 571, 573 (2014) (quoting Brittle v. Commonwealth, 54 Va. App. 505, 512-13, 680 S.E.2d 335, 339 (2009)). Appellant has satisfied

- 4 -

neither requirement. Appellant failed to show that the trial court erred. He failed to establish the juror knew Jones was speaking about the appellant or that she heard the conversation about appellant's pending criminal charges and the police chase. Further, a lengthy sentence is neither a manifest injustice nor a denial of essential rights. Accordingly, because appellant did not preserve this issue for appeal and the ends of justice exception does not apply, we will not consider the merits of this assignment of error.

Jury Question

Appellant argues the trial court erred by refusing to set aside the verdicts and declare a mistrial because the jury was not told whether the sentences would be run consecutively or concurrently. Appellant concedes he agreed to provide no answer in response to the jury's inquiry at the time the question was posed. Well after trial, appellant filed his motions to set aside the verdicts and declare a mistrial. Appellant failed to make a timely objection to the trial court's action. See Yeatts, 242 Va. at 137, 410 S.E.2d at 264.

Appellant again asks this Court to apply the ends of justice exception to Rule 5A:18 due to the lengthy sentence he received. As noted previously, the length of the sentence received does not warrant the application of Rule 5A:18's ends of justice exception, as it does not constitute a manifest injustice or a denial of essential right. In short, appellant has shown no trial court error. Further, "'[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)). Therefore, we will not apply the ends of justice exception and, because appellant did not preserve this issue for appeal, we will not consider the merits of this assignment of error.

<u>Motion *in Limine*</u>

Appellant asserts the trial court erred by overruling his motion *in limine*, refusing to set aside the verdicts, and denying his motion for mistrial because unrelated and irrelevant evidence that he eluded police was admitted. In support of this assignment of error, appellant merely makes a conclusory statement that this evidence was more prejudicial than probative and cites <u>Walker v. Commonwealth</u>, 258 Va. 54, 68, 515 S.E.2d 565, 573 (1999), in support of his argument. Rule 5A:20(e) requires an opening brief to contain argument "including principles of law and authority" in support of the assignments of error. Appellant fails to articulate in what way the evidence was so prejudicial as to outweigh its probative value, and he did not develop the argument on brief as required by Rule 5A:20(e). "Pursuant to that rule, we have held that '"[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration."'" <u>Montgomery v. Commonwealth</u>, 56 Va. App. 695, 705, 696 S.E.2d 261, 266 (2010) (quoting <u>Epps v. Commonwealth</u>, 47 Va. App. 687, 718, 626 S.E.2d 912, 926-27 (2006) (*en banc*)). "'The appellate court is not a depository in which the appellant may dump the burden of argument and research.'" <u>Mitchell v. Commonwealth</u>, 60 Va. App. 349, 352, 727 S.E.2d 783, 784 (2012) (quoting <u>Jones v. Commonwealth</u>, 51 Va. App. 730, 734-35, 660 S.E.2d 343, 345 (2008)). Although appellant's failure to satisfy the requirements of Rule 5A:20(e) is not jurisdictional, it is significant. Thus, we treat this assignment of error as waived. <u>Montgomery</u>, 56 Va. App. at 705-06, 696 S.E.2d at 266.

<u>Unavailable Police Video</u>

Appellant claims the trial court erred in refusing to set aside the verdicts and declare a mistrial contending that, if the evidence of eluding was to be admitted, a police video of the act should have been part of that evidence. Appellant further maintains the video was unavailable for him to review at the time of trial and refers to the video as "after-discovered" evidence. However, appellant concedes he knew of the existence of the video at the time of trial and the record shows

that he viewed the video prior to trial. Thus, the trial court found, and we agree, the video was known to appellant prior to trial and that the post-trial motions were not timely. See Yeatts, 242 Va. at 137, 410 S.E.2d at 264 (mistrial motion must be timely or is considered waived); Hopkins v. Commonwealth, 20 Va. App. 242, 249, 456 S.E.2d 147, 150 (1995) (*en banc*) (appellant not granted new trial unless evidence is discovered *subsequent* to trial and was not available with the exercise of reasonable diligence).

Appellant asks this Court to apply the ends of justice exception for his failure to timely preserve the issue for appeal, again citing the lengthy sentence imposed. Finding neither manifest injustice nor denial of essential rights, we conclude appellant has failed to show the trial court erred. Therefore, we will not apply the ends of justice exception and do not consider the merits of this assignment of error.

### Sufficiency of Grand Larceny & Burglary Convictions

Appellant contends the evidence was not sufficient to prove grand larceny because he possessed only a small number of the stolen items. He further relies on the alibi evidence he presented in defense of the burglary charge. Viewing the evidence in the light most favorable to the Commonwealth, Archer, 26 Va. App. at 11, 492 S.E.2d at 831, this Court will not disturb a verdict unless it is "plainly wrong or without evidence to support it," Bright v. Commonwealth, 4 Va. App. 248, 250-51, 356 S.E.2d 443, 444 (1987).

> After establishing a larceny has occurred, "the unexplained possession of recently stolen goods permits an inference of larceny by the possessor," Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998) (citation omitted), and "throws upon the accused the burden of accounting for that possession," Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990) (*en banc*) (citing Fout v. Commonwealth, 199 Va. 184, 190-91, 98 S.E.2d 817, 821-22 (1957)).

Burton v. Commonwealth, 58 Va. App. 274, 284, 708 S.E.2d 444, 449 (2011). "'At least since 1872 Virginia juries have been instructed that the defendant's exclusive possession of recently

stolen goods, if he offers no reasonable explanation, permits a presumption or inference that the defendant stole the goods.'" Id. at 284 n.5, 708 S.E.2d at 449 n.5 (quoting Ronald J. Bacigal, Virginia Practice: Criminal Offenses and Defenses at 424 (2008-09 ed.)). The same inference applies to a breaking and entering when the burglary and the theft occurred at the same time, by the same criminal agent. Bright, 4 Va. App. at 253, 356 S.E.2d at 445 ("'the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny'" (quoting Cannady v. Commonwealth, 210 Va. 533, 535, 172 S.E.2d 780, 781 (1970))).

The jury rejected appellant's alibi evidence as well as his conflicting explanations regarding his recent possession of the stolen rings. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "[I]f there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998). Thus, we will not disturb the jury's determination giving no weight to appellant's alibi evidence and viewing his explanations of his possession of the rings as false.

Applying these factual determinations, the evidence established the back door was pried open and numerous items were stolen from the residence during the five hours the victims were away from their home. Within two days of the break-in, appellant led police on a high-speed chase. When the police apprehended appellant, he was in exclusive possession of four of the stolen rings. Appellant gave conflicting statements about how he came into possession of the rings. Appellant also directed a third party to dispose of a long screwdriver.

The jury could infer appellant's consciousness of guilt by his flight from the police just two days after the burglary while he was in possession of four of the stolen items. Ricks v. Commonwealth, 39 Va. App. 330, 335, 573 S.E.2d 266, 268 (2002) ("'[a]ny flight at a time when it may be to avoid arrest, prosecution, or confinement tends to show a consciousness of guilt'" (quoting Langhorne v.Commonwealth, 13 Va. App. 97, 103, 409 S.E.2d 476, 480 (1991))).

The jury also reasonably concluded appellant falsely explained his possession of the rings. After first denying any memory of the rings he had in his pocket, appellant gave conflicting accounts of how he came into possession of the rings. However, he claimed to have obtained the rings on a Sunday, the same day as the burglary and theft. The jury, in rejecting appellant's explanations as false, could infer from his recent, exclusive, possession of the property that he was the criminal agent. Further, after appellant's arrest and incarceration, appellant asked an individual to find and dispose of a long screwdriver, a tool that could pry open a door, as had been done in the offense at issue. We conclude the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of the statutory burglary of the residence and the grand larceny of the items stolen during the burglary. The trial court was not plainly wrong in upholding the verdicts.

Possession of Firearms

Appellant contends the trial court erred in finding sufficient evidence to convict him of possession of a firearm after having been convicted of a violent felony. In support of this contention, appellant argues (1) his alibi negates any connection to the burglary, (2) there was no proof he actually or constructively possessed the firearms, (3) an accomplice could have taken the firearms, and (4) there was no evidence that the firearms satisfied the definition of a firearm pursuant to Code § 18.2-308.2. The trial judge, like the jury, rejected appellant's alibi evidence. For the same reasons cited above, we will not disturb the trial court's determination on the

credibility and weight to be assigned to the alibi evidence. Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732. Thus, appellant's alibi evidence did not negate his connection to the burglary.

Next, we consider appellant's argument that the evidence did not establish his possession, actual or constructive, of any of the stolen firearms and that an accomplice could have taken the weapons. Evidence that more than one person participated in the break-in in this case is non-existent. Therefore, the accomplice hypothesis of innocence does not arise from the evidence and must be rejected. Turner v. Commonwealth, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977) ("the hypotheses which must be reasonably excluded are those which flow from the evidence itself and not from the imagination of defendant's counsel").

In response to appellant's contention that the evidence failed to establish his possession, actual or constructive, of any of the stolen firearms, the Commonwealth relies solely on proof of constructive possession. Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006). The police did not find appellant in actual possession of any firearms, and they did not recover any of the stolen firearms.

> To establish constructive possession of the firearm by a defendant, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." Rawls, 272 Va. at 349, 634 S.E.2d at 705; accord Walton, 255 Va. at 426, 497 S.E.2d at 872; Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986); Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984); Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).

Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). As noted previously, it is a "well-settled principle that unexplained possession of recently stolen goods raises an inference that the possessor is the thief." Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980).

Appellant was found in exclusive possession of four rings taken at the same time as the firearms during the home invasion. He gave conflicting accounts as to how he came into possession of the rings and made incriminating statements concerning his possession and the need to dispose of a long screwdriver, a tool consistent with the method of breaking used during the burglary. Further, appellant fled from police, suggesting his guilty state of mind. Ricks, 39 Va. App. at 335, 573 S.E.2d at 268. The evidence established that the rings and the firearms were stolen at the same time. From this evidence, "the fact-finder '" . . . may infer the stealing of the whole from the possession of part."'" Henderson v. Commonwealth, 215 Va. 811, 813, 213 S.E.2d 782, 784 (1975) (quoting Johnson v. Commonwealth, 141 Va. 452, 456, 126 S.E. 5, 7 (1925)). "It is immaterial that the quantity of goods possessed was less than the quantity stolen and charged in the indictment . . . ." Id. Appellant's statements, acts, and recent exclusive possession of some of the stolen property, all support the conclusion that appellant took possession of and stole the firearms during the break-in. We, accordingly, conclude the evidence was sufficient to prove appellant was in constructive possession of the stolen firearms.

Finally, appellant argues for the first time on appeal that the Commonwealth failed to establish that the stolen firearms satisfied the definition of firearm pursuant to Code § 18.2-308.2. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Appellant did not ask the Court to apply the good cause or ends of justice exceptions to Rule 5A:18 as to this argument. Therefore, Rule 5A:18 bars our consideration of this argument on appeal.

Disproportionate Sentence

Appellant maintains the trial court erred by overruling his motion to modify the sentence on the ground the evidence that he was a danger to society and/or a flight risk was insufficient.[1] In support of this assignment of error, appellant asserts the sentence was disproportionate to the crimes committed. Appellant failed to raise this argument to the trial court and, thus, we will not consider this assignment of error. See Ohree, 26 Va. App. at 308, 494 S.E.2d at 488; Rule 5A:18. Appellant does not ask that this Court apply the good cause or ends of justice exceptions to Rule 5A:18. Therefore, Rule 5A:18 bars our consideration of this assignment of error on appeal.

Conclusion

The evidence established appellant was previously convicted of a violent felony. Appellant was in recent, exclusive, possession of some of the stolen property such that the trial court and jury could infer appellant was the criminal agent of the larceny and burglary. Several working firearms were stolen during the break-in, and the description of the firearms supports the trial court's finding they met the requirements of the statute. Further, we find no trial court error in the proceedings.

Accordingly, for the foregoing reasons, we affirm the convictions of statutory burglary, grand larceny, and possession of a firearm by a convicted violent felon.

Affirmed.

---

[1] Appellant's assignment of error states that the lack of a proper jury instruction on sentencing contributed to the challenged sentences. Appellant did not address this aspect of the assigned error on brief. Therefore, this Court considers this portion of the assignment of error to be waived. See Montgomery, 56 Va. App. at 705-06, 696 S.E.2d at 266; Rule 5A:20(e).