COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and AtLee
Argued at Fredericksburg, Virginia

UNPUBLISHED

JOSEPH WILLIAM MELICE

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0531-15-4                          JUDGE RANDOLPH A. BEALES
                                                        AUGUST 30, 2016

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                   Herman A. Whisenant, Jr., Judge Designate[1]

            William A. Boge for appellant.

            Christopher P. Schandevel, Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Following a bench trial on April 24, 2013, Joseph William Melice (appellant) was convicted

of possessing oxycodone with intent to distribute in violation of Code § 18.2-248, of possessing

methadone with intent to distribute in violation of Code § 18.2-248, and of driving on a revoked

or suspended license in violation of Code § 46.2-301.[2]  Appellant challenges his convictions for

possession of oxycodone and methadone with intent to distribute by arguing that the trial court erred

in admitting evidence in violation of the best evidence rule.  For the following reasons, we affirm

the trial court.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The Honorable Mary Grace O'Brien presided over appellant's trial.  The Honorable
Herman A. Whisenant, Jr., Judge Designate, presided over the sentencing hearing.  Now a
member of this Court, Judge O'Brien took no part in the consideration of this appeal.

        [2] Appellant was also convicted and sentenced for an unrelated charge of possession of a
controlled substance.  The disposition of that charge had previously been deferred pursuant to
Code § 18.2-251.  This Court did not grant an appeal on appellant's assignments of error relating
to this conviction or to his conviction for driving on a revoked or suspended license.

I. BACKGROUND

We consider the evidence on appeal "in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). So viewed, the evidence at trial was that on June 8, 2012, Officer Victor Tomsko conducted a traffic stop while he was on a routine patrol in Prince William County. The vehicle stopped was a white van being driven by appellant – who was the sole occupant of the van. Tomsko stopped the vehicle because it had an expired inspection sticker. Tomsko identified appellant as the driver and determined that his operator's license had been either suspended or revoked. Tomsko also ran the license plates and discovered that the plates on the van were registered to a different vehicle. At that point, Tomsko placed appellant in custody for driving on a revoked license and called for backup.

Officer Franks arrived at the scene and performed an inventory search of appellant's van before the vehicle was to be towed. In the front passenger seat of the van, Franks found a paper bag containing two pill bottles of prescription medication for oxycodone and methadone. The prescriptions were issued to appellant and had been filled approximately one hour prior to the traffic stop. The prescription for oxycodone was for 138 pills, yet only five pills were found in the bottle. The prescription for methadone was for 81 pills, yet only 46 pills were found in that bottle. Appellant told Tomsko that he had left some pills at his cousin's house in Fairfax. Tomsko searched appellant's person and found $2,415 in cash and a cell phone in his pocket. Appellant told Tomsko that the money was proceeds from the sale of his vehicle.

Detective Ehrhardt questioned appellant about the missing prescription pills. Appellant first told Ehrhardt that the pills were at a friend or cousin's house in the Yorkshire area of Prince William County, but he did not provide a street address. Ehrhardt testified that appellant refused the

detective's offer to drive appellant to that residence to account for the location of the pills. Ehrhardt also stated that, a short time later, appellant changed his story by stating that the pills were at the home of a friend or relative in Fairfax. Ehrhardt again offered to take appellant to this location, but no such attempt to locate the drugs was made. Appellant told Ehrhardt that the money found on his person was to be used to purchase a vehicle.

Ehrhardt also testified as an expert in the field of illegal distribution of prescription medications. Ehrhardt stated that oxycodone has a value of $15 per pill and that methadone has a value of $10 per pill. Relying on those values, Ehrhardt testified that the value of the pills missing from the pill bottles was around $2,200 to $2,300. Based upon his training and experience, Ehrhardt stated that sellers often illegally distribute prescription medication immediately after obtaining them due to high demand for such medications. Ehrhardt testified that there is "a huge, huge need and want for prescription meds on the street," especially for oxycodone. Finally, Ehrhardt testified that oxycodone pills are often sold before they are even obtained by the seller because the demand for such prescription medications is so high.

Tomsko testified that appellant's cell phone "was constantly receiving text messages and phone calls" from the moment he first came into contact with appellant. Tomsko testified he remembered that some of the text messages asked if appellant was still in the Manassas area or if appellant "could help him out with something." The entirety of the Commonwealth's direct examination of Tomsko on the contents of the text messages went as follows:

> Q: What is the context that you specifically remember? What was the context of whatever text message did you personally observe on Mr. Melice's cell phone?
>
> A: I remember that several text messages were asking where he was at, asking if he was still in Manassas, still in the area of Manassas, if Mr. Melice could help him out with some - -
>
> Q: With something?

A: With something.

Q: No specifics?

A: No specifics.  Asking him if he could help him out with
something and things along those lines.

Tomsko was unable to provide any more details regarding the contents of the text messages, and no other evidence regarding the contents of those messages was introduced during the trial.

Appellant testified in his own defense.  Appellant stated that he has valid prescriptions for both oxycodone and methadone to treat pain for injuries to his shoulder and knee.  Appellant denied selling any of his medication and claimed he had no intention to do so.  Appellant testified that, immediately after filling his prescriptions, he put the missing pills in a pill organizer that he left in the home of his cousin, Darrel Poundstone, in Fairfax.  Appellant stated he was living in Poundstone's home at that time.  Appellant testified that the cash found in his possession was proceeds from the sale of his truck and that he intended to use the money to purchase a larger truck.  Appellant stated that his father-in-law agreed to loan him some money to purchase a new vehicle and that he intended to show the money to his father-in-law as a show of good faith.  Appellant testified that no law enforcement officer offered to drive him to the location of the pills.  Appellant did acknowledge that the high volume of text messages and phone calls he received while he was detained was unusual.

## II.  ANALYSIS

### A.  STANDARD OF REVIEW

On appeal, appellant argues that the trial court "clearly abused its discretion in allowing Officer Tomsko to testify, over objection, as to the contents, and context, of alleged text messages made to the Appellant's cellular telephone when the Commonwealth did not produce the original writings and did not sufficiently account for their absence."  "Decisions regarding

the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" Michels v. Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006) (quoting Breeden v. Commonwealth, 43 Va. App. 169, 184, 596 S.E.2d 563, 570 (2004)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

## B. BEST EVIDENCE RULE

Appellant contends that the trial court erred in admitting Tomsko's testimony as to the contents of the text messages he observed on appellant's phone because the admission of that testimony violated the best evidence rule. Pursuant to the Rules of the Supreme Court of Virginia, in order to prove the content of a writing, "the original writing is required, except as otherwise provided in these Rules, other Rules of the Supreme Court of Virginia, or in a Virginia statute." Rule 2:1002. Rule 2:1001(1) broadly defines "writings" as "letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation or preservation." This Court has previously held that "text messages fall within Rule 2:1001(1)'s broad definition [of writings] as they consist of letters, words, and numbers set down by electronic recording." Dalton v. Commonwealth, 64 Va. App. 512, 523, 769 S.E.2d 698, 703-04 (2015). Thus, the text messages in this case are considered "writings" for the purposes of the best evidence rule.

Rule 2:1004, however, creates exceptions to the best evidence rule, and states:

> The original is not required, and other evidence of the contents of a writing is admissible if:

- 5 -

(a) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(b) Original not obtainable. No original can be obtained by any available judicial process or procedure, unless the proponent acted in bad faith to render the original unavailable; or

(c) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or

(d) Collateral matters. The writing is not closely related to a controlling issue.

Appellant argues that none of the statutory exceptions to the best evidence rule are applicable to the facts of this case. Thus, appellant contends that the trial court abused its discretion by allowing Tomsko to testify as to the contents of the text messages, instead of requiring the Commonwealth to admit the text messages themselves into evidence.

## C. HARMLESS ERROR

Assuming without deciding that admission of Tomsko's testimony regarding the contents of text messages found on appellant's phone violated the best evidence rule, the Court concludes that any error in admitting that testimony was harmless.

As this case does not involve an alleged constitutional error, we apply the statutory standard provided by Code § 8.01-678 to determine whether the non-constitutional error was harmless.[3] Code § 8.01-678 provides, in pertinent part:

When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or

---

[3] Through the enactment of Code § 8.01-678, the General Assembly has made harmless error review required in all cases. See Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990).

any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

Virginia courts "have applied Code § 8.01-678 in criminal as well as civil cases." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (citation omitted).

"Under this standard, a non-constitutional error in a criminal case is harmless '[i]f, when all is said and done, . . . the error did not influence the jury, or had but slight effect.'" Anderson v. Commonwealth, 282 Va. 457, 467, 717 S.E.2d 623, 628 (2011) (quoting Rose v. Commonwealth, 270 Va. 3, 12, 613 S.E.2d 454, 458 (2005)). Stated another way, if "the alleged error substantially influenced" the finder of fact, the error is not harmless. Clay, 262 Va. at 259, 546 S.E.2d at 731. In considering whether an error was harmless, the error must be considered "in the context of the entire case." Montgomery v. Commonwealth, 56 Va. App. 695, 704, 696 S.E.2d 261, 265 (2010).

Applying the statutory harmless error test, our review of the record leads us to the conclusion that the admission of Tomsko's limited testimony as to the contents of the text messages did not substantially influence the finder of fact, or had but slight effect. To illustrate this point, the entirety of the Commonwealth's direct examination of Tomsko on the contents of the text messages was as follows:

> Q: What is the context that you specifically remember? What was the context of whatever text message did you personally observe on Mr. Melice's cell phone?
>
> A: I remember that several text messages were asking where he was at, asking if he was still in Manassas, still in the area of Manassas, if Mr. Melice could help him out with some - -
>
> Q: With something?
>
> A: With something.
>
> Q: No specifics?

- 7 -

> A: No specifics. Asking him if he could help him out with
> something and things along those lines.

It is clear from the record that Tomsko's testimony regarding the contents of the text messages was brief, very general in nature, and lacked specific details. His testimony did not mention drugs or the sale or distribution of drugs. Assuming without deciding that this limited testimony was admitted in error, we hold that admission of Tomsko's testimony "did not influence the [fact finder], or had but slight effect" on the trial court's finding that appellant was guilty of possession of oxycodone and methadone with intent to distribute. See Ramsey v. Commonwealth, 63 Va. App. 341, 356, 757 S.E.2d 576, 584 (2014) (quoting Clay, 262 Va. at 260, 546 S.E.2d at 731).

In addition, it is clear that the challenged testimony was not an essential piece of evidence in support of either of appellant's convictions now before this Court. From the bench, the trial judge announced the findings of guilt by stating as follows:

> With regard to the felony charges, it is clearly a circumstantial evidence case. No question about it. And both lawyers have accurately reflected the law. Mr. Boge was correct about the case law, and further, all circumstances must be consistent with guilt. We tell juries all the time, probability or possibility of guilt is insufficient. In this case, all the circumstances were consistent with guilt. I find the Defendant guilty. What doesn't make sense is that he would have left the great majority of the Oxycodone at his cousin's house, keeping five with him that were necessary and only 35 of the Methadone, particularly when the detective testified that there's much more of a market for Oxycodone than there is for Methadone. The fact that the amount of money on his person is precisely within a hundred dollars of what the street value of the missing drugs would be is significant *along with the constant phone ringing. That in and of itself wouldn't be something, but together with everything else.* I'm not persuaded by the handwritten receipt and the explanation that driving around three days before the down payment was due was in an effort to meet his father-in-law and show him that he had the money to make the majority of the down payment. So I find the Defendant guilty on all three charges.

(Emphasis added). Upon review of the entire record, we note that the trial court did not state, nor did the Commonwealth argue, that *the contents* of the text messages were relevant evidence of appellant's intent to distribute the prescription drugs.[4] Therefore, we conclude that the admission of the officer's description of the contents of the text messages asking if appellant was "still in the area of Manassas" or whether appellant "could help [an individual] out with something" could have had no more than "slight effect" on the trial court's findings of guilt. Consequently, we find that the trial court's findings of guilt were *not substantially swayed* by any error that may have occurred in admitting Tomkso's limited testimony regarding the contents of the text messages.

Appellant contends that the alleged error was harmful in this instance because the evidence against appellant was entirely circumstantial. While the evidence of appellant's intent to distribute oxycodone and methadone was circumstantial, courts in Virginia have long held that "[c]ircumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the only method of proof." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (citing Turner v. Commonwealth, 218 Va. 141, 145-46, 235 S.E.2d 357, 360 (1977); Toler v. Commonwealth, 188 Va. 774, 780, 51 S.E.2d 210, 213 (1949)). In light of the strength of the circumstantial

---

[4] Reviewing the transcript, the Commonwealth's closing argument merely contained an assertion that the fact that appellant's phone was "continuously ringing" made appellant's *receipt* of all the text messages "highly suspicious, highly circumstantial." Indeed, it was defense counsel's closing argument that referenced the specific contents of the text messages ("The text messages, although allowed in over objection, the officer testified that the text messages said something to the effect of, 'Are you in Manassas? Where are you? Can you help me out?', I think is what I heard. Those standing alone and even in conjunction with the other evidence the Commonwealth has produced, does not demonstrate a proof beyond a reasonable doubt."). At oral argument, appellant's counsel conceded that the officer's testimony regarding the frequency of the ringing or pinging of appellant's phone did not implicate the best evidence rule.

evidence in this case, we disagree with appellant's contention that the admission of Tomsko's very limited and general testimony regarding the contents of the text messages substantially influenced the trial court's findings of guilt.

All of the circumstances of this case were consistent with the trial court's conclusion that appellant possessed oxycodone and methadone with the intent to distribute. The evidence demonstrated that the pills from the prescriptions had been filled in appellant's name approximately one hour prior to the traffic stop. Despite having been filled merely one hour prior to the traffic stop, 168 of the 219 prescribed pills were missing from the prescription bottles. When confronted with these facts, appellant was unable to offer a credible explanation as to why 168 pills were missing from his prescription pill bottles after such a short period of time. Instead, appellant offered inconsistent accounts of the location of the pills when he was questioned about their location by law enforcement – having first claimed that the pills were at a friend or cousin's house in the Yorkshire area and then later having claimed that the pills were at a friend or relative's house in Fairfax. After offering each explanation, appellant subsequently refused Detective Ehrhardt's offer to take appellant to the location of the missing pills to account for their absence.

In addition, Officer Tomsko conducted a search of appellant's person and found $2,415 in cash in his pockets. This precise amount of cash was important evidence in the Commonwealth's case against appellant, as Ehrhardt testified that the missing pills had a street value somewhere in the range of $2,200 to $2,300. Ehrhardt also testified that, based upon his training and experience, sellers often illegally distribute prescription medication *immediately* after obtaining them due to high demand for such medications and that oxycodone is a highly sought-after drug on the street. Tomsko also testified that appellant's phone "was constantly receiving text messages and phone calls" from the moment he first encountered appellant. The trial

court properly determined that appellant's *receipt* of a high volume of text messages and calls was a circumstance that tended to prove that appellant possessed the drugs with the intent to sell the pills as quickly as possible after the drugs came into his possession.

While appellant testified that he only possessed the drugs for lawful and legitimate purposes, the trial court, in its role of judging the credibility of witnesses, was entitled "to disbelieve the self-serving testimony of the accused and to conclude that the accused [was] lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citing Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (*en banc*)). Here, the trial judge specifically stated that she was not persuaded by appellant's explanations for the location of the prescription pills or his stated reasons for possessing over $2,400 in cash, and thus found that appellant's testimony was not credible.

In summary, our review of the record leads us to the conclusion that the admission of Tomsko's limited testimony regarding the contents of the text messages had no substantial influence on the finder of fact, or had but slight effect. Applying the statutory harmless error test, we find that appellant had a fair trial and that the judgments were not substantially affected by the admission of Tomsko's very general testimony regarding the contents of the text messages. Consequently, any error in admitting such testimony was harmless.

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction for possession of oxycodone with intent to distribute and his conviction for possession of methadone with intent to distribute, both in violation of Code § 18.2-248.

Affirmed.

- 11 -